**BENDEROFF et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 7–1874–C–1.

United States District Court
S. D. Iowa,
Central Division.

June 8, 1967.

88

Gary Gately and Dean Dutton, Des Moines, Iowa, for plaintiffs.

Arthur L. Stern, III, Refund Trial No. I, Tax Division, Dept. of Justice, Washington, D. C., and Jerry E. Williams, U. S. Atty., Des Moines, Iowa, for defendant.

## MEMORANDUM

STEPHENSON, Chief Judge.

This action is brought by plaintiff taxpayers[1] who are attempting to recover taxes, interest and penalties which were assessed against them for the calendar year 1959. Jurisdiction exists under 28 U.S.C. § 1346(a) (1).

During the fiscal years ending March 31, 1959 and March 31, 1960, the plaintiff taxpayers were stockholders of V. C. Benderoff Company, a duly qualified subchapter "S" corporation. The proportionate share of the income of V. C. Benderoff Company therefore must be included in computing the income of the individual shareholders for the calendar year 1959 in accordance with the

---

1. Four cases have been consolidated for trial in this action. The plaintiffs in the cases were V. C. and Katherine Benderoff, James C. and Margaret Benderoff, Sherilynn Benderoff Wimmer, and Julianne Benderoff Remington. The issues raised in these cases are essentially identical and the Court, in this opinion, will refer to the above named individuals as plaintiff taxpayers.

statute set forth below.[2] There are two basic issues involved in this action: (1) Was the distribution by V. C. Benderoff Company to its shareholders during May, 1959 taxable? (2) If the distribution was taxable, is the Internal Revenue Service barred by the applicable statute of limitations from assessing the tax against plaintiff taxpayers?[3]

At the close of its fiscal year on March 31, 1959, V. C. Benderoff Company had earnings and profits of $48,688.29. This amount was treated as income to the shareholders and their proportionate share was properly included as income on their income tax returns for the calendar year 1959. During May 1959, the corporation made a distribution of $45,207.88 to its shareholders. Plaintiff taxpayers urge that this was a distribution of earnings of the previous fiscal year and, as such, were not subject to another tax. The government contends that unless the distribution exceeds the earnings of the corporation for the fiscal year ending March 31, 1960, the distribution is taxable to the stockholder for the calendar year during which it is made. The statute governing the question is 26 U.S.C. § 1373(b).[4] A treasury regulation interpreting this statute provides as follows:

(b) *Source of distribution.* Except as provided in paragraph (c) of this section, any actual distribution of money by an electing small business corporation to a shareholder which but for the operation of this section, would be a dividend out of accumulated earnings and profits shall be considered a distribution of previously taxed income to the extent of the shareholder's net share of previously taxed income immediately before the distribution. Thus, a distribution of property other than money or a distribution in exchange for stock, or a constructive distribution under section 1373(b), is never a distribution of previously taxed income. Since current earnings

---

2. Title 26 U.S.C. § 1373, [as amended by Sec. 64(a), Technical Amendments Act of 1958, P.L. 85–866, 72 Stat. 1606] CORPORATION UNDISTRIBUTED TAXABLE INCOME TAXED TO SHAREHOLDERS.

(a) *General Rule.*—The undistributed taxable income of an electing small business corporation for any taxable year shall be included in the gross income of the shareholders of such corporation in the manner and to the extent set forth in this section.

(b) *Amount Included in Gross Income.*—Each person who is a shareholder of an electing small business corporation on the last day of a taxable year of such corporation shall include in his gross income, for his taxable year in which or with which the taxable year of the corporation ends, the amount he would have received as a dividend, if on such last day there had been distributed pro rata to its shareholders by such corporation an amount equal to the corporation's undistributed taxable income for the corporation's taxable year. For purposes of this chapter, the amount so included shall be treated as an amount distributed as a dividend on the last day of the taxable year of the corporation.

(c) *Undistributed Taxable Income Defined.*—For purposes of this section, the term "undistributed taxable income" means taxable income (computed as provided in subsection (d)) minus the amount of money distributed as dividends during the taxable year, to the extent that any such amount is a distribution out of earnings and profits of the taxable year as specified in section 316(a) (2). (26 U.S.C. 1964 ed., Sec. 1373.)

3. Several other items besides the distributions from V. C. Benderoff Company were contested by plaintiffs in their original claim. With respect to the income reported from Asphalt Paving Materials Company, Inc., the Court finds that the government was correct in assessing an additional tax for that amount which had been included in the "Account Receivable" account but excluded from the "sales" account. This amount should have been included in the income reported by the shareholders of this subchapter "S" corporation. The other items contained in the original claim have not been urged by the plaintiffs in their oral or written arguments to this Court and appear to be inconsequential to the action now before the Court. They will therefore not be considered by the Court at this time.

4. See Note 2, supra.

and profits are first applied to distributions of money which are not in exchange for stock (see paragraph (d) and (e) of § 1.373–1), a distribution of previously taxed income may occur only if during its taxable year the corporation makes such money distributions in excess of its earnings and profits for such taxable year. (26 C. F.R., Sec. 1.1375–4.)

■■ It appears to the Court that the May distribution by the corporation would be nontaxable to the shareholders for the calendar year 1959 only to the extent that the distribution exceeded the earnings and profits of the corporation for the fiscal year ending March 31, 1960. Since the earnings and profits of the corporation for that fiscal year were $50,945.40 and the May 1959 distribution was only $45,207.88, the entire May distribution was taxable to the shareholders for the calendar year 1959. Although the plaintiff taxpayers could possibly have avoided the dilemma they now find themselves in if the corporate distribution had been made at another time,[5] the tax law places some weight and significance on form and the choice of one alternative rather than another for achieving a desired end is often critical and may be determinative of the tax effect of a certain transaction.[6] In this instance, the choice of the taxpayer resulted in a corporate distribution which was taxable to the shareholders for the calendar year 1959.

■ Even though the May, 1959 corporate distribution was a taxable distribution, plaintiff taxpayers urge that Section 6501(e) (1) (A) (ii) of the Internal Revenue Code of 1954 barred the collection and assessment of the additional tax resulting from the classification of the distribution as a taxable one. The applicable portion of 26 U.S.C. § 6501 is set forth below:

. (a) *General Rule.*—Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by stamp, within 3 years after such tax became due, and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period.

(b) Time Return Deemed Filed.—

(1) *Early return.*—For purposes of this section, a return of tax imposed by this title, except tax imposed by chapter 21 or 24, filed before the last day prescribed by law or by regulations promulgated pursuant to law for the filing thereof, shall be considered as filed on such last day.

\* \* \* \* \* \*

(e) *Omission From Gross Income.*— Except as otherwise provided in subsection (c)—

(1) *Income taxes.*—in the case of any tax imposed by subtitle A—

(A) *General rule.*—If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 percent of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time

---

5. Congress amended this portion of the tax law by the Act of April 14, 1966 Pub.L. 89–389, 80 Stat. 111. This amendment provides that distributions made within two and one-half months of the end of a corporation's taxable year shall be considered a distribution of previously taxed income. Although plaintiff taxpayers herein could have elected under this amendment to have their May 1959 corporate distribution considered as a distribution of previously taxed income, such an election was not made because of the adverse tax consequences it would have had on other years.

6. See Commissioner of Internal Revenue v. Tower, 327 U.S. 280, 288, 66 S.Ct. 532, 90 L.Ed. 670 (1946); Gregory v. Helvering, 293 U.S. 465, 469, 55 S.Ct. 266, 79 L.Ed. 596 (1935); Idol v. Commissioner of Internal Revenue, 319 F.2d 647 (8th Cir. 1963).

within 6 years after the return was filed. For purposes of this subparagraph—

(i) In the case of a trade or business, the term "gross income" means the total of the amounts received or accrued from the sale of goods or services (if such amounts are required to be shown on the return) prior to diminution by the cost of such sales or services; and

(ii) In determining the amount omitted from gross income, there shall not be taken into account any amount which is omitted from gross income stated in the return if such amount is disclosed in the return, or in a statement attached to the return, in a manner adequate to apprise the Secretary or his delegate of the nature and amount of such item. (26 U.S.C. 1964 ed., Sec. 6501.)

The Internal Revenue Service did not attempt to impose additional assessments upon plaintiff taxpayers for the calendar year 1959 until April 1964. The assessments would thus be barred unless they fall within subsection (e) of the statute set forth above. Plaintiff taxpayers contend that the May, 1959 distribution may not be considered in determining whether an amount in excess of 25 per cent of the gross income stated in the return was improperly excluded from their returns. This contention is based upon the premise that information regarding the May, 1959 distribution was contained in the returns in such a manner so as to apprise adequately the Secretary of the Treasury or his delegate of the nature and amount of that item.[7] Plaintiffs contend that the Balance Sheet attached to V. C. Benderoff Company's return for the fiscal year ending March 31, 1960 disclosed that a distribution had been made during the year since the beginning balance in the "Undistributed Income Taxable to Stockholders" account was $45,207.88 and the balance at the end of the year was $49,782.90 (the same amount as was reported as taxable income for that fiscal year). If no distribution had been made, the account would have contained an amount equivalent to the beginning balance plus the taxable income for the fiscal year. Plaintiff therefore concludes that the corporation's return adequately disclosed the distribution, that the six-year statute of limitations is applicable and that the three-year statute of limitations bars additional assessments against the plaintiff for the calendar year 1959. The Court disagrees.

Schedule K of V. C. Benderoff Company's return provides for the reporting of distributions of previously undistributed taxable income. This schedule contains a column for listing nondividend distributions. This is precisely what the plaintiffs contend was the nature of the May, 1959 distribution. However, the nondividend distributions column of schedule K of the corporations return does not list the May, 1959 distribution but merely contains dashes which seemingly indicate that no such distributions were made during the fiscal year ending March 31, 1959. Plaintiff taxpayers cannot expect the Internal Revenue Service to discover the omission through an examination of the corporate financial statements attached to the return.[8] Neither the nature nor the amount of the May, 1959 distribution was adequately disclosed in the corporate return or in those of the plaintiff taxpayers, and, therefore the distribution may be considered in determining whether an amount in excess of 25 per cent of the gross income was excluded from the return. The assessments against the plaintiff taxpayers for the calendar year 1959 were properly made in that they were governed by

---

7. Plaintiff taxpayers concede that the May, 1959 corporate distribution was in excess of the gross income stated in their returns.

8. The balance sheet attached to the corporate return when taken in conjunction with the absence of figures in the nondividend distribution column of schedule K of the return does not provide an adequate clue as to the existence of the May, 1959 distribution. See Colony, Inc. v. Commissioner of Internal Revenue, 357 U.S. 28, 78 S.Ct. 1033, 2 L.Ed.2d 1119 (1958).

the six-year rather than the three-year statute of limitations.

The foregoing shall constitute the Court's finding of fact and conclusions of law. Judgment will be entered in favor of the defendant at plaintiffs' cost.