435 F.2d 347
 71-1 USTC P 9125
 UNITED STATES of America, and Carol O. Morey, Special Agent,
Internal Revenue Service, Petitioners-Appellees,
v.
Lowell E. MORIARTY, as Vice-President and Secretary of
Moriarty Manufacturing Company, Inc., Respondent-Appellant.
 No. 18446.
 United States Court of Appeals, Seventh Circuit.
 Dec. 22, 1970.
 
 Cahill, Fox & Smith, S.C., Milwaukee, Wis., for respondent-appellant; John D. Cahill, William Fitzhugh Fox, Daniel O. Ryan, Jr., Bruce C. O'Neill, Milwaukee, Wis., of counsel.
 Johnnie M. Walters, Asst. Atty. Gen., Tax Division, John P. Burke, Meyer Rothwacks, Joseph M. Howard, Attys., Tax Division, Dept. of Justice, Washington, D.C., for petitioners-appellees; David J. Cannon, U.S. Atty., Milwaukee, Wis., of counsel.
 Before SWYGERT, Chief Judge, CASTLE, Senior Circuit Judge, and PELL, Circuit Judge.
 CASTLE, Senior Circuit Judge.
 
 
 1
 The respondent-appellant Lowell E. Moriarty, vice-president and secretary of Moriarty Manufacturing Company, Inc., prosecutes this appeal from the judgment order of the District Court enforcing an Internal Revenue summons[1] issued by Special Agent Carol O. Morey. The summons requires the appellant to appear and to produce certain designated books and records of the corporation. The enforcement order was entered on the government's motion for summary judgment based on the pleadings, depositions and affidavits on file in the enforcement proceeding. The appellant had filed a memorandum in opposition to the motion for summary judgment in which he asserted that he was entitled to a trial on the merits on the issue of whether the Special Agent issued the summons solely for the purpose of securing evidence to convict appellant of a crime.
 
 
 2
 The record discloses that early in 1966 the Internal Revenue Service was conducting an audit of the corporate income tax returns of Moriarty Manufacturing Company, Inc. for the years 1963, 1964 and 1965. Sometime in June 1966 the Revenue Agents involved in the audit discovered a badge of fraud (missing invoices) and the matter was referred to the Service's Intelligence Division. In July 1966 Special Agent Morey was assigned to investigate the case jointly with the Revenue Agent then assigned to the matter. From September 1, 1966 until November 9, 1966, the agents visited the offices of the corporation and examined some of the company's records. Thereafter they were refused access to the records.
 
 
 3
 From the depositions appellant took of the agents it appears that some of the corporation's records had not been seen by the agents and that normal auditing practices would require continued access to the various corporate books and records. Special Agent Morey testified in his deposition that a joint investigation is one participated in by a Special Agent of the Intelligence Division and a Revenue Agent from the Audit Division; in the joint investigation he was in charge and was responsible for investigating the possibility of the existence of criminal fraud; that the Special Agent has authority to recommend that the investigation be closed, that it be transferred back to the Audit Division, that a criminal prosecution be instituted, or that civil penalties for fraud be imposed without criminal prosecution, as the facts warrant; that the cooperating Revenue Agent is bound by the recommendations of the Special Agent with respect to civil fraud penalties; and that when the Special Agent enters the case the civil part of the audit procedure does not stop completely, but the agents responsible for the civil aspect work right along with the Special Agent, although, generally, no actual tax assessment is made until there has been a disposition of the criminal aspect of the case.
 
 
 4
 The appellant filed no counter-affidavits. Consequently, the government's affidavit filed in support of the motion for summary judgment and the deposition testimony of the agents stand uncontroverted. There is no genuine material issue of fact to be determined. And the record establishes that the summons was issued by the Special Agent in the course of an investigation to which he was assigned for the purpose of investigating possible fraud and of making recommendations on the assertion of civil penalties with or without criminal prosecution. The Revenue Agent previously in the case is still assigned to the investigation under the supervision of the Special Agent in a joint investigation. This joint investigation embraces a continuation of the tax audit of the corporation's federal tax affairs for the purpose of determination of civil tax liability.
 
 
 5
 This being so, the District Court applied correct legal criteria in granting the government's motion for summary judgment and entering the judgment order enforcing the summons. The fact that the summons was issued by the Special Agent does not preclude its enforcement. As long as the determination of civil tax liability is genuinely a purpose of the summons, it will be enforced, as the summons, or its enforcement, does not become improper because it may also produce evidence warranting criminal prosecution. United States v. Hayes, 7 Cir., 408 F.2d 932, 936; United States v. Michigan Bell Telephone Company, 6 Cir., 415 F.2d 1284. Here the civil tax audit has not been completed, the inspection of the additional records is needed, and continued access to the corporation's records is essential to a proper completion of the audit. There is no basis for a conclusion that the sole purpose of the investigation, or of the summons, is to obtain evidence for a criminal prosecution.
 
 
 6
 We perceive nothing in our recent decision in United States v. Monsey, 7 Cir., 429 F.2d 1348, which makes enforcement of the instant summons improper.
 
 
 7
 Monsey dealt only with the necessity for discovery, not with the ultimate issue of enforcement.
 
 
 8
 The fact that tax evasion indictments were returned against the appellant a few days prior to the entry of the enforcement order,[2] which indictments charge him with attempting to evade his own and the corporation's income taxes for the years 1963, 1964 and 1965, does not require a holding that enforcement of the summons is improper. The audit of the corporation's records need not await final disposition of the criminal proceedings against the appellant.[3] We do not read Reisman v. Caplin, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459, as so dictating. Reisman in referring to the right of the witness to challenge the use of the administrative summons 'for the improper purpose of obtaining evidence for use in a criminal prosecution' cites Boren v. Tucker, 9 Cir., 239 F.2d 767, 772-773, but only to the pages in Boren where United States v. O'Connor (D.C.Mass.1953) 118 F.Supp. 248, is discussed and distinguished. In O'Connor the Special Agent when he issued the summons was not engaged in any specific inquiry into the taxpayer's affairs and the summons was admittedly issued to aid the Department of Justice in preparing for trial of a pending tax evasion indictment. Such is not the case here.
 
 
 9
 We conclude that on the record before it the District Court did not err in granting enforcement of the summons. The judgment order appealed from is, therefore, affirmed.
 
 
 10
 Affirmed.
 
 
 
 [1]
 The summons was issued pursuant to 26 U.S.C.A. 7602
 
 
 [2]
 The order of enforcement was entered on February 25, 1970. The petition for enforcement was filed August 3, 1967
 
 
 [3]
 Cf. United States v. Kordel, 397 U.S. 1, 11, 90 S.Ct. 763, 25 L.Ed.2d 1