**UNITED STATES of America and Joseph A. Hopper, Special Agent, Internal Revenue Service, Petitioner,**

v.

**Roy L. VEY, Treasurer, North Star Cement Block Company, Inc., Respondent.**

**Civ. A. No. 71-02.**

United States District Court,
W. D. Pennsylvania.

March 22, 1971.

Richard L. Thornburgh, Pittsburgh, Pa., for petitioner.

Vincent M. Casey, Pittsburgh, Pa., for respondent.

## MEMORANDUM

ROSENBERG, District Judge.

This matter is before me on the petition of the United States and Special Agent Hopper of the Internal Revenue Service ("the Service") for enforcement of an internal revenue summons. It appears that during the investigation of the income tax liability of one John S. LaRocca, the Service found it necessary to examine the records of the North Star Cement Block Company, Inc. ("North Star") of which LaRocca owns in excess of a 60% interest; that for a limited period of time these records were made available to Agent Hopper; that during the course of this investigation, evidence was discovered which warranted further examination of the tax liability of North Star; that the respondent who is Treasurer of North Star refused to allow further inspection of the records; that on September 23, 1970 a summons was issued directing the respondent to appear before Agent Hopper on October 8, 1970 to testify and produce the books, records and papers relating to any possible tax liability of North Star; that the summons was served on the respondent on September 23, 1970;

that the respondent appeared in response to the summons but refused to testify or produce the books, records and papers demanded; that the respondent still refuses to comply with the provisions of that summons and that therefore the aid of this Court is enlisted, pursuant to 26 U.S.C. § 7402(b) and § 7604(a) to secure compliance.

" * * * under § 7602 an internal revenue summons may be issued in aid of an investigation if it is issued in good faith and prior to a recommendation for criminal prosecution." Donaldson v. United States, 400 U.S. 517, 91 S. Ct. 534, 545, 27 L.Ed.2d 580 (1971).

As to the question of good faith, it is respondent's contention that petitioner's purpose in conducting this investigation is to "embarrass, harass and humiliate, needlessly, the corporate taxpayer." Naturally, the petitioner denies this contention. In opposing such a summons, the burden is on the taxpayer to demonstrate the absence of good faith. United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964).

In the present case, other than the broad general averments of improper purpose, the respondent has not demonstrated a lack of legitimate purpose or legitimate purpose improperly pursued on the part of the petitioner, during the course of this investigation. Furthermore, the petitioner testified that his initial investigation gave rise to his firm belief that further, detailed investigation was necessary. Thus, in view of this testimony and lack of proof by the respondent that the investigation lacks the elements of good faith, the first possible ground for objection is without merit.

There is no dispute that criminal prosecutions have not been commenced against the respondent or North Star, nor at this time that such prosecution is contemplated in the immediate future. At this time all that is sought is the right to examine North Star's records for the purpose of determining whether or not any possible civil or criminal lia-

bility exists. Such purpose is clearly within the scope of proper purpose for the use of an Internal Revenue Summons. Donaldson v. United States, *supra*. Accordingly, the petition for the enforcement of an Internal Revenue Summons will be granted, and the respondent will be directed to appear before Agent Hopper at some time and place mutually convenient to the parties and produce those books, records and papers required by the summons of September 23, 1970.