**UNITED STATES of America and John D. Heeney, Special Agent, Internal Revenue Service, Petitioners,**

v.

**Lorene C. BILLINGSLEY, Respondent.**

**No. 71-C-147.**

United States District Court,
N. D. Oklahoma,
Civil Division.

Sept. 14, 1971.

---

Nathan Graham, U. S. Atty., Jack Short, Asst. U. S. Atty., Tulsa, Okl., Jack Dowd, Tax Division, Washington, D. C., for petitioners.

G. Douglas Fox, James O. Ellison, Tulsa, Okl., for respondent.

## MEMORANDUM OPINION

DAUGHERTY, District Judge.

Petitioners bring this action under 26 U.S.C. § 7402(b) and § 7604(a) to obtain judicial enforcement of an Internal Revenue Service (IRS) summons issued to the Respondent pursuant to 26 U.S.C. § 7602. As the Respondent has refused to respond to the summons the Petitioners request the Court to enforce the same. Respondent asserts that the IRS was without legal authority to issue or

use the summons at the time it was issued to her; that its enforcement would therefore be an abuse of process by this Court and that Petitioners' request should be denied.

The Court has conducted a hearing on the merits of the case, received all evidence of the parties and has had the benefit of briefs and arguments of counsel for the parties. It is undisputed from the evidence that prior to the issuance of the summons involved herein, Petitioner John D. Heeney, as Special Agent in the Tulsa Office of the IRS assigned to the Intelligence Division, had recommended in writing that the taxpayer under investigation, William L. Mills, Jr., be criminally prosecuted for income tax fraud.

In Donaldson v. United States, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580, (1971), the United States Supreme Court said:

"We hold that under § 7602 an internal revenue summons may be issued in aid of an investigation if it is issued in good faith and prior to a recommendation for criminal prosecution."

■  The Court finds that the summons issued to the Respondent was issued after the Petitioner Heeney, as Special Agent of the IRS, had recommended the criminal prosecution of the taxpayer.[1] In these circumstances, according to *Donaldson*, a 7602 summons may not be issued.[2]

---

1. The Petitioners urge that the "recommendation" mentioned above in *Donaldson* is not the recommendation of the Special Agent of the Intelligence Division in charge of the case locally but is the "recommendation" of some higher official of the IRS. But, under the regulations of the IRS, the local Special Agent is the only official of the IRS who makes a "recommendation for criminal prosecution." Higher officials in the IRS only "review", "approve", "disapprove" or "refer" the Special Agent's "recommendation for criminal prosecution". See Sections 1114.(10), 1114.(10)1, 1116(3) and 1118.6 of Federal Register, Vol. 35, No. 23. Thus, there is only one "recom-

mendation for criminal prosecution" called for in the prescribed procedure promulgated by the IRS itself. This contention plainly lacks merit. In any event, as *Donaldson* says "a recommendation" the Court interprets the decision to refer to the recommendation of the local special agent of the IRS in charge of the case.

2. The evidence shows that after Special Agent Heeney recommended criminal prosecution of the taxpayer, the Regional Office of the IRS at Dallas, Texas, which may "review" and may "approve" or "disapprove" the recommendation and if approved may "refer" the same to the Department of Justice in Washington, D. C.

Therefore, the Court declines to enforce the summons and the action of Petitioners should be dismissed.[3]

Counsel for Respondent will prepare a judgment based on the foregoing, submit the same to opposing counsel and then to the Court for entry herein.

for prosecution, took no action on the recommendation other than to request that the Special Agent in charge of the case make a supplemental investigation. It was during this supplemental investigation that the summons in question was belatedly issued. It is not believed that the action of the Regional Office in Dallas will serve to alter the fact that "a recommendation for criminal prosecution" of the taxpayer had been made before the summons in question was issued. The "recommendation for criminal prosecution" has never been vacated or set aside, if such action could be said to thereafter permit the use of a 7602 summons. The Court does not decide this question.

3. *Donaldson* says that a 7602 summons may be issued in aid of an investigation if issued in good faith *and* prior to a recommendation for criminal prosecution. Good faith *and* prior to a recommendation for criminal prosecution are used in the conjunctive. Both situations must exist to lawfully permit the use of such summons. It is therefore unnecessary for the Court to consider the requirement of good faith as the other of these two prerequisites did not exist.