UNITED STATES of America and Bruce
B. Mack, Revenue Agent, Internal Revenue Service, Petitioners,

v.

Stanley M. WEINGARDEN, Respondent.

Civ. A. No. 35807.

United States District Court,
E. D. Michigan, S. D.

Nov. 12, 1971.

Ralph B. Guy, Jr., U. S. Atty., Harold Hood, John H. Hausner, Asst. U. S. Attys., Detroit, Mich., J. D. Snow, General Litigation Section Tax Div., U. S. Dept. of Justice, Washington, D. C., for petitioners.

Stanley M. Weingarden, Friedman, Meyers & Keys, Detroit, Mich., for respondent.

OPINION

RALPH M: FREEMAN, Chief Judge.

Petitioner, the United States, has requested this court, pursuant to 26 U.S.C. § 7604(b), to enforce a summons issued in accordance with 26 U.S.C. § 7602(2) to Stanley M. Weingarden, respondent. The summons in question was issued during the course of an investigation by the Internal Revenue Service.

In December of 1968, Agent Mack, a general agent of the Internal Revenue Service, was assigned to audit tax returns for the years 1966 and 1967 of "Buddy's Rendezvous", a partnership whose principals were James Bonacorsi and Katherine Valente. Thereafter, in July, 1969, Mack interviewed the partner taxpayers and their spouses. He was referred to their accountant, Mr. Pitlosh. Upon an examination of the accountant's records, Mack determined that the taxpayers were in better financial condition than their tax returns would indicate. After additional consultation with the taxpayers, Mack returned to the accountant and requested copies of their tax returns from 1953 through 1968. Although the accountant admitted that he had some of the prior returns of the taxpayers, he refused to indicate those returns remaining in his files until he was able to consult an attorney about his clients' rights. Agent Mack then had a summons issued to Mr. Pitlosh in August, 1969, demanding production of the tax returns. However, before the summons was served on Mr. Pitlosh, the returns had been placed in the hands of taxpayers' attorney, Weingarden, the respondent in this case.

In October, 1969, another summons was issued directed to Mr. Weingarden. Upon his refusal to comply with the summons, additional summonses were issued on January 8, 1970 to the accountant, Mr. Pitlosh, the attorney, Mr. Weingarden, and the taxpayers. Two months after issuance of these summonses, Agent Mack referred the audit of the taxpayers to the Intelligence Division of the Internal Revenue Service, where a special agent was appointed to manage the case. Agent Mack continued to participate in the audit to aid in the preparation of statements reflecting taxpayers' net worth. Then, in January of 1971, one year after the summons was issued, enforcement of the summons issued to Mr. Weingarden was sought by the Government.

Several hearings were held at which time Agent Mack was questioned about his investigation of the taxpayers. From the testimony at those hearings, the court finds that the sole purpose of the investigation from its inception was to gain information for the criminal prosecution of the taxpayers and that enforcement of the summons must be denied.

■ A summons may be issued under 26 U.S.C. § 7602:

"For the purpose of ascertaining the correctness of any return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability * * * the Secretary or his delegate is authorized * * * to summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary or his delegate may deem proper * * * to produce such books, papers, records, or other data * * * as may be relevant or material to such inquiry."

A person who refuses to obey a summons issued under this statute may be brought before a district court and ordered to show cause why he should not obey the summons. At the hearing on the order to show cause, the respondent may challenge the validity of the summons on the ground that it was issued for an improper purpose.

In United States v. O'Connor, 118 F. Supp. 248 (D.Mass.1953), the district court refused to enforce a summons issued by an Internal Revenue agent because the sole purpose of the summons was to further a criminal prosecution for which the agent had no official responsibility. Subsequently, in Reisman v. Caplin, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964), the Supreme Court, in dictum, said that the validity of a summons issued under § 7602 could be challenged by a showing that it was issued for the improper purpose of obtaining evidence for use in a criminal prosecution. See, also, United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). That *dictum* in subsequent opinions by the Circuit Courts and by the Supreme Court has been held to mean that if the *sole* purpose of the investigation of which the summons is a part is to pursue criminal prosecution, then the summons should not be enforced by the district courts. District courts have been loathe to deny enforcement of a summons issued by Internal Revenue unless this set of circumstances is proven by the respondent. Thus, in United States v. Michigan Bell Telephone Company, 415 F.2d 1284 (6th Cir. 1969), the court held that, so long as there was an intent to pursue civil penalties, the fact that criminal prosecution was also being pursued did not prevent enforcement of the summons by the court. In United States v. Moriarty, 435 F.2d 347 (7th Cir. 1970), the fact that the information sought might have led to criminal penalties did not prevent enforcement of the summons when there existed a genuine

concern in the investigation to uncover civil tax liability.

In Donaldson v. United States, 400 U. S. 517, 91 S.Ct. 435, 27 L.Ed.2d 580 (1971), the Supreme Court said:

"We hold that under § 7602 an internal revenue summons may be issued in aid of an investigation if it is issued in good faith and prior to a recommendation for criminal prosecution."

Under the facts of that case, the Court found that, although the presence of a special agent often signals an investigation of criminal liability, the agent could issue a summons under § 7602 so long as the investigation is likely to lead to civil liability as well as to criminal prosecution. Nevertheless, the Court reiterated that, in a case like the one before this court, where the sole objective of the investigation is to gather data for criminal prosecution, enforcement of the summons must be denied.

The decision of this court not to grant enforcement of the summons is based upon the testimony adduced at the hearings, which made clear that the sole purpose of the investigation by the General Agent Mack was to gain information for criminal prosecution of the taxpayers. This conclusion has been confirmed by the recent recommendation of the Special Agent to the regional office that criminal prosecution against the taxpayers be instituted. This action was taken subsequent to the institution of the proceedings in this court.

In a recent California case, United States v. Kyriaco, 326 F.Supp. 1184 (C. D.Cal.1971), the federal district court refused to enforce a summons under § 7602 when, subsequent to the issuance of the summons and the institution of the enforcement proceedings, a recommendation for criminal prosecution was made to the regional office and ultimately forwarded to the Justice Department. The district court had originally granted enforcement of the summons. The respondents petitioned for a writ of certiorari to the Supreme Court. But the Court denied certiorari:

"* * * without prejudice, however, to the petitioners' making their respective applications, if they so choose, to the District Court for such relief, if any, as may be appropriate in light of developments occurring since petition for writ of certiorari was filed in this Court." 401 U.S. 922, 91 S.Ct. 863, 27 L.Ed.2d 826 (1971).

The developments referred to by the Court were the recommendations for criminal prosecution. Taking the suggestion of the Supreme Court, the district court found that, in light of the *Donaldson* case decided prior to the denial of certiorari, the "referral of the investigation * * * to the Justice Department is the 'recommendation for prosecution' proscribed in *Donaldson, supra*".

■ This court, therefore, finds that the summons against respondent, Weingarden, cannot be enforced. Whether the court looks to the facts as presented by Agent Mack or to the subsequent action of the Government, it is clear that the summons was issued solely for the purpose of gathering data for criminal prosecution.

The Government's petition for an order directing respondent, Stanley M. Weingarden, to produce certain documents must be denied.

An appropriate order may be submitted.