**UNITED STATES of America and Kenneth L. Reger, Special Agent, Internal Revenue Service, Petitioners,**

v.

**Alvin SILVERMAN, President of Tiffany Decorating Company, Respondent.**

No. 72 C 157.

United States District Court,
N. D. Illinois, E. D.

March 30, 1973.

Robert E. Sevila, Trial Atty., Dept. of Justice, Washington, D. C., and Matt Cushner, Asst. U. S. Atty., Chicago, Ill., for petitioners.

Harris, Burman & Silets, Chicago, Ill., for respondent.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on a petition to enforce an Internal Revenue summons, pursuant to 26 U.S.C. §§ 7402(b) and 7604 (a), and on respondent's motion to quash the summons. The parties have stipulated that the only issue in the action is

one of law: whether an officer-shareholder of a Subchapter S corporation may invoke his fifth amendment privilege when the corporate books and records, along with his testimony thereon, are subpoenaed by the Internal Revenue Service.

The uncontroverted facts include the following: Petitioner Kenneth L. Reger, an Internal Revenue Special Agent, has been participating in an investigation to determine respondent's federal tax liability for the years 1967 through 1970. Respondent, Alvin Silverman, is president and one of three shareholders of Tiffany Decorating Company ("Tiffany"), a corporation electing to be treated for tax purposes under the provisions of Subchapter S of the Internal Revenue Code (26 U.S.C. §§ 1372 and 1373). Two summonses were issued on October 8, 1971, directing Silverman to appear before Special Agent Reger to testify and to produce certain corporate records and documents in his possession which contained information pertinent to the Special Agent's investigation. When respondent appeared, he refused to testify or to produce Tiffany's records, asserting that the fifth amendment privilege against self-incrimination extended to him as an officer-shareholder of a Subchapter S corporation.

In support of this refusal respondent contends (1) that a Subchapter S corporation is not considered a corporation for tax purposes; (2) that consequently a claim by the Internal Revenue Service to examine the books and records of such a corporation is subject to a shareholder's fifth amendment privilege; and (3) that since the investigation includes a determination of possible criminal violations of the Internal Revenue it is subject to the fifth amendment privilege.

■■ It is well settled that the privilege against self-incrimination cannot be invoked in order to prevent the disclosure of corporate records which might incriminate a shareholder, even when the corporation constitutes a mere alter ego of the owner. Hale v. Henkel, 201 U.S.

43, 26 S.Ct. 370, 50 L.Ed. 652 (1906); Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771 (1911); Grant v. United States, 227 U.S. 74, 33 S.Ct. 190, 57 L.Ed. 423 (1913). Respondent has argued that Tiffany, as a Subchapter S corporation, does not come within this rule since it is treated as a partnership for tax purposes. However, an examination of Subchapter S reveals that Congress did not apply the partnership provisions of the Internal Revenue Code ("Code") to corporations electing under Subchapter S, but rather provided for a "pass-through" of the corporate income to the shareholders (26 U.S.C. § 1373). Moreover, the corporation electing under Subchapter S files a return and is subject to taxation on capital gains (26 U.S.C. § 1378). Furthermore, since Treasury Regulation § 1.1372–1(c), implementing the Code, declares that all other provisions relating to corporations will apply to a Subchapter S corporation, this Court must conclude that a Subchapter S corporation is considered under the Code as a corporation, not as a partnership. Indeed, the Seventh Circuit has ruled that the Subchapter S method for channeling income from a corporation to its shareholders "does not involve ignoring the corporate entity." Byrne v. Commissioner of Internal Revenue, 361 F.2d 939, 942 (7th Cir. 1969). Thus, the holding in United States v. Silverstein, 314 F.2d 789 (2d Cir. 1963)—that owners of a partnership may invoke the fifth amendment privilege when the partnership records are subpoenaed—is inapplicable to the instant case.

■ Respondent's argument that a shareholder of a corporation which is not a taxable entity under the Code may assert his fifth amendment privilege is without merit. The case cited for that proposition, Application of Daniels, 140 F.Supp. 322 (S.D.N.Y.1956), although not controlling, involved the sole owner of a foreign corporation which was not subject to taxation under the Code. In fact, the court in *Daniels* specifically stated that, while the books of a domestic corporation are "always subject to in-

spection," 140 F.Supp. at 325, "[w]e have here a unique corporate situation to which [this] decision is limited." 140 F. Supp. at 327. In contrast, Tiffany is subject to taxation under the Code, even though it receives special treatment in some aspects of taxation.

Finally, with respect to respondent's contention that he has a right to invoke his fifth amendment privilege in an investigation of a criminal nature, the Court notes that the proceedings at this stage do not involve criminal prosecution. Since there is an intent here to pursue civil liabilities or penalties, the summons is enforceable under 26 U.S.C. § 7602 even though the information sought may lead to criminal penalties. Donaldson v. United States, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971); United States v. Moriarty, 435 F.2d 347 (7th Cir. (1970).

For the foregoing reasons this Court finds that the summonses should be enforced.