**UNITED STATES of America, Plaintiff,**

v.

**Terrence Dean OAKS, Defendant.**

**Crim. No. 11820–WPG–CD.**

United States District Court,
C. D. California.

June 26, 1973.

---

William D. Keller, U. S. Atty., Eric A. Nobles, Asst. U. S. Atty., Chief of Crim. Div., Los Angeles, Cal., Paul H. Sweeney, Asst. U. S. Atty., for plaintiff.

John K. Van De Kamp, Federal Public Defender, John W. Hornbeck, Deputy Federal Public Defender, Los Angeles, Cal., for defendant.

## MEMORANDUM OF DECISION AND ORDER

WILLIAM P. GRAY, District Judge.

The defendant has been indicted for wilfully failing to file an income tax return and falsely claiming an inordinate number of exemptions on a withholding exemption certificate (W-4 form) supplied by his employer. An Internal Revenue Service investigation was initiated on March 30, 1972, when a revenue officer associated with the Collection Division of the IRS visited the defendant's employer and requested to see the defendant's records, including earnings statements and the W-4 form. The revenue agent testified that the employer voluntarily relinquished these records but at the conclusion of the interview asked the agent for some documentary evidence of the IRS' power to inspect them. In keeping with asserted IRS policy, the revenue officer gave the de-

fendant's employer a form entitled "Notice of Requirement to Exhibit Books and Records" and which carries the assertion that it is issued under the authority of 26 U.S.C. § 6333. That section provides:

"If a levy has been made or is about to be made on any property, any person having custody or control of any books or records, containing evidence or statements relating to the property or right to property subject to levy, shall, upon demand of the Secretary or his delegate, exhibit such books or records to the Secretary or his delegate."

The Government concedes that there was no present or impending levy at the time of the internal revenue officer's investigation.

Several months later, the defendant's case was referred to the Intelligence Division, and on October 5, 1972, a special agent was assigned to the case for the purpose of developing information about possible criminal conduct. The special agent immediately obtained further records from the defendant's employer and issued an internal revenue summons pursuant to 26 U.S.C. § 7602 against the defendant's accountant. Section 7602 authorizes the examination of any documents or witnesses for the purpose of ascertaining the potential tax liability of any person. On October 10, 1972, the special agent interviewed the defendant and advised him that he was the subject of a criminal investigation. The special agent thereafter served at least ten § 7602 summonses upon third parties seeking to acquire information that would assist the investigation.

■ The defendant has moved to suppress all of the information acquired by the IRS on several grounds. He first argues that the evidence, including the W-4 form, was improperly acquired by the revenue officer. The defendant maintains that the revenue officer effectively represented that the employer was required under § 6333 to divulge its personnel files. However, it appears from the testimony at the hearing that the defendant's employer voluntarily cooperated with the revenue officer and willingly opened the defendant's file to inspection. The testimony further indicates that the § 6333 form was presented only because the employer wanted a written memorialization of the fact that the IRS had scrutinized its records. It does not appear that the revenue officer actually employed the § 6333 power as a lever to force the employer to bare its files.

■ It certainly would have been an abuse of the § 6333 procedure had the IRS discovered the defendant's tax liability by *requiring* the employer to cooperate. The power to compel the production of records under § 6333 is confined to instances where "a levy has been made or is about to be made." If a levy had been contemplated, the defendant would have been entitled to notice of a tax deficiency and a demand for payment. *See* 26 U.S.C. § 6331. In this case there had not even been an assessment of tax liability. An investigative summons issued under § 7602 is the prescribed device for obtaining information concerning suspected tax liability. This procedure at least provides for an adversary hearing in a district court to consider any objections to enforcement of the summons. *See* 26 U.S.C. § 7604. Section 6333 is a summary process employed in the context of a present or impending levy after the taxpayer has been notified of a tax liability assessment. A § 6333 form, therefore, is a rather curious means of acknowledging that the IRS has inspected records or has the power to examine voluntarily revealed records. Although this court declines to grant the motion to suppress, in light of its conclusion as to the voluntary production of the records, the appearance of such a form necessarily invites the suspicion that the IRS has misused the § 6333 power by compelling the production of records without the statutory prerequisites. The practice of using such a

form, with its implication of compulsion, is of doubtful propriety for the purpose here claimed by the Government.

■ The defendant next argues that the civil summonses issued under § 7602 after October 10, 1972, were employed for the improper purpose of furthering a solely criminal investigation. Cases examining the § 7602 summons power have consistently found that its use is permissible if there are both civil and criminal ramifications to the investigation, United States v. DeGrosa, 405 F.2d 926 (3d Cir. 1969); United States v. Michigan Bell Tel. Co., 415 F.2d 1284 (6th Cir. 1969); or even if the investigation is principally criminal, United States v. Ruggeiro, 425 F.2d 1069 (9th Cir. 1970); United States v. Egenberg, 443 F.2d 512 (3d Cir. 1971). The objective of the investigation must be characterized as solely criminal in nature before use of a civil summons exceeds its permissible scope. Venn v. United States, 400 F.2d 207 (5th Cir. 1969); United States v. Roundtree, 420 F.2d 845 (5th Cir. 1969). The burden is on the taxpayer to demonstrate that the summons is being used for the improper purpose of investigating only criminal behavior. United State v. Ferrone, 438 F.2d 381 (3d Cir. 1971). The Supreme Court's recent opinion in Donaldson v. United States, 400 U.S. 517, 536, 91 S.Ct. 534, 545, 27 L.Ed.2d 580 (1971), accepts these principles and elaborates that "under § 7602 an internal revenue summons may be issued in aid of an investigation if it is issued in good faith and prior to a recommendation for criminal prosecution." Donaldson also refused to find that the appearance of a special agent created a presumption that an investigation was solely criminal; the criminal and audit divisions of the IRS participate together in a broad range of investigative activities. 400 U.S. at 534–535, 91 S.Ct. 534. See also, United States v. Kessler, 338 F.Supp. 420 (S.D.Ohio 1972).

■ It is not entirely clear from the evidence in this case at what point a "recommendation for criminal prosecu-

tion" was made. Even though the defendant was told on October 10, 1972, that he was the subject of a criminal investigation, this does not establish that the investigation was solely criminal. In fact, this is unlikely because the defendant's case was not referred to a special agent until October 5, 1972, and very little had been done on the case by October 10. The Government contends that the operative recommendation for prosecution is that formally made to the Department of Justice after the case has passed through the hierarchy of the IRS Intelligence Division. Cf. United States v. Kyriaco, 326 F.Supp. 1184 (C.D.Cal. 1971). A written prosecution report was not made in this case until December 1, 1972. This cannot be considered to be the relevant recommendation, as is apparent from the fact that the defendant was arrested on November 22, 1972. This court believes that the recommendation of the local special agent in charge of the case, even if not final or reduced to writing, should be the operative act for determining the validity of a § 7602 summons. United States v. Billingsley, 331 F.Supp. 1091, 1092 n. 1 (N.D.Okl. 1971); see United States v. Weingarden, 333 F.Supp. 474 (E.D.Mich.1971). Although the record is incomplete, there is no indication that the recommendation for prosecution occurred before November 20, 1972, when the special agent discussed the case with an Assistant United States Attorney. An arrest warrant was issued the next day and the defendant was arrested on November 22. The defendant's motion to suppress must therefore be denied because the last civil summons was issued on November 15.

■ A § 7602 summons must be employed in good faith even had there been no recommendation for prosecution. Donaldson's holding that the summons must be issued in good faith and prior to a recommendation is in the conjunctive. See United States v. Vey, 324 F. Supp. 552 (W.D.Pa.1971); United States v. Billingsley, supra; United States v. Kessler, supra. There is no evidence, however, indicating that the investiga-

tion was a broad and unjustified fishing expedition or that any § 7602 summons was fraudulently employed after the special agent had resolved that criminal sanctions were warranted.

The defendant's motion to suppress is denied.