Joseph E. **JOHNSON**, III, and Priscilla Johnson, Plaintiffs,

v.

The **UNITED STATES** of America, Defendant.

Civ. No. 2448.

United States District Court, E. D. Kentucky, Lexington Division.

Dec. 27, 1974.

Thomas H. Burnett, Lexington, Ky., for plaintiffs.

Eugene E. Siler, Jr., U. S. Atty., Lexington, Ky., for defendant.

## MEMORANDUM

SWINFORD, District Judge.

Joseph E. Johnson, III is a shareholder in the Pine Branch Coal Company, a "small business corporation" validly constituted under Subchapter S of the Internal Revenue Code, 26 U.S.C. (hereinafter: IRC). This action commenced pursuant to 28 U.S.C. 1346(a)(1) seeks a refund of the plaintiffs' alleged 1963 income tax overpayment [1] attributable to the defendant's erroneous classification of certain undistributed corporate funds as a taxable "dividend." The facts have been stipulated and the record is before the court for decision.

Although a resolution of the issues presented in the case at bar is not dependent upon an analysis of the extensive computations offered by way of stipulation, a proper understanding of the issues presented does demand a cur-

sory examination of the tax policy applicable to small business corporations. Subchapter S, IRC Sections 1371–1378, was enacted in 1958 to allow qualifying corporations to substitute taxation at the shareholder level for that at the corporate stage. Shores Realty Company, Inc. v. United States, 5th Cir., 468 F.2d 572, 575 (1972); Byrne v. C. I. R., 7th Cir., 361 F.2d 939, 942 (1966). Since amounts actually distributed to the shareholders are taxed to them in any event, the Code's primary emphasis is on the corporation's "undistributed" taxable income. IRC Section 1373 provides:

"(b) *Amount Included in Gross Income.*—Each person who is a shareholder of an electing small business corporation on the last day of a taxable year of such corporation shall include in his gross income, for his taxable year in which or with which the taxable year of the corporation ends, the amount he would have received as a dividend, if on such last day there had been distributed pro rata to its shareholders by such corporation an amount equal to the corporation's undistributed taxable income for the corporation's taxable year. . . .

(c) *Undistributed Taxable Income Defined.*—For purposes of this section, the term 'undistributed taxable income' means taxable income . . . minus . . . the amount of money distributed as dividends during the taxable year, to the extent that any such amount is a distribution out of earnings and profits of the taxable year as specified in section 316(a)(2)."

Section 1375(d) provides that amounts representing previously taxed undistributed earnings and profits are not taxed as dividends. Finally, Section 1377(a) requires that such accumulated earnings and profits be reduced to the extent that the corporation's "undistributed taxable

[1]. Priscilla Johnson is named as plaintiff only because the 1963 return was filed jointly. Although involving the relatively trivial amount of $20.59, the resolution of this ac-

tion will affect the plaintiffs' 1964–1966 tax years as well as other taxpayers in the event the challenged regulation is ruled invalid.

income for such year is required to be included in the gross income of the shareholders of such corporation under section 1373(b)." Thus, corporate distributions of cash are first considered as out of current earnings and profits, then from previously taxed income, then from accumulated earnings and profits, then as a return of capital, and finally as a gain from the sale or exchange of stock. Section 1373(c); Treasury Regulations Section 1.1375–4(b), 26 C.F.R. 1.1375–4(b) (hereinafter: Regs.).

The matters in controversy essentially involve the computation and allocation of the corporation's earnings and profits for purposes of determining the amounts to be taxed to the shareholders: (1) whether a Subchapter S corporation may make cash payments to its shareholders which are nontaxable on the ground that they represent "percentage depletion" distributions; (2) whether the allocation of undistributed amounts must be conducted with reference to the corporation's taxable income or earnings and profits.

"Depletion" deductions from gross income are intended to compensate the operator of mineral properties for the constantly dwindling supply of oil, gas, timber, and other exhaustible natural deposits. The several permissible forms of depletion deductions include "percentage depletion", which represents a specified percentage of the gross income produced by mining operations. See 34 Am.Jur. 2d "Federal Taxation" Paragraphs 7660–7680. Although properly deductible by corporations, proprietorships, and partnerships, the parties agree that percentage depletion is not available to reduce the amount of earnings and profits for purposes of computing amounts distributed as dividends by nonelecting corporations. Regs. § 1.312–6. Rather, the conflicting postures arise from differing concepts of the nature of Subchapter S corporations: the plaintiff urges that

such entities are controlled by the taxing policy applicable to partnerships and proprietorships, while the defendant maintains that electing businesses are subject to the rules treating other corporations.

The defendant argues that the tax treatment afforded by Subchapter S does not alter the electing concern's status as a corporation for tax purposes. Consequently, rules under IRC Section 312 precluding utilization of percentage depletion deductions in arriving at earnings and profits [2] are properly applied to Subchapter S corporations. This position is explicitly supported by Regs. § 1.1377–2(b):

"(b) *Computations of earnings and profits.* Except as otherwise provided in section 1377, the earnings and profits of the taxable year of an electing small business corporation are computed in the same manner as the earnings and profits of corporations generally. Therefore, such earnings and profits can exceed the taxable income of the corporation, as in the case of a corporation which uses percentage depletion in computing its taxable income or which receives tax-exempt interest on certain governmental obligations."

Regs. § 1.1373–1(g) similarly notes that percentage depletion amounts properly considered in arriving at taxable income "do not decrease earnings and profits . . . ." for purposes of dividend computations.

The plaintiff agrees that percentage depletion allowances are properly excludable from earnings and profits calculations of nonelecting corporations, but argues that such rules have no application to Subchapter S corporations. Section 1372(b) of the IRC states that an electing corporation is governed by the rules stated in Sections 1371–1377, and the only provision within Subchapter S treating the element of earnings and

2. Section 312 outlines the composition of earnings and profits. Regs. § 1.312–6 states that "percentage depletion under all revenue acts for mines and oil and gas wells is not to be taken into consideration in computing the earnings and profits of a corporation."

profits omits any reference to the inapplicability of percentage depletion deductions. Section 1377. This omission is consistent with the congressional policy underlying the enactment of Subchapter S preserving the taxing policy applied to proprietorships and partnerships while offering an alternate means of doing business. Thus, Regs. § 1.1377–2(b) and 1.1373–1(g) are invalid as an unwarranted extension of the taxing power.

The court must agree with the defendant that the unique tax policy applied in Subchapter S does not diminish the character of electing entities as "corporations".

> "More important than labels . . . is the fact that an electing corporation remains a corporation—not only as a matter of state law, but also for many federal income tax purposes. This point cannot be overemphasized, because it is often erroneously said that Subchapter S permits corporations to be treated as partnerships. In point of fact, there are many differences between a partnership and an 'electing small business corporation.' Even while the election is in effect, corporate redemptions, liquidations, reorganizations, and many other transactions are governed by the tax law applicable to corporations rather than by the law of partnerships . . . ." Bittker and Eustice, Federal Income Taxation of Corporations and Shareholders (3d Ed.), p. 6–4.

The congressional desire to provide an alternate form of doing business does not suggest an intention to treat electing corporations as partnerships or proprietorships for tax purposes. See Cornelius v. C. I. R., 5th Cir., 494 F.2d 465, 468 (1974); Byrne v. C. I. R., supra at 942; United States v. Silverman, N.D. Ill., 359 F.Supp. 1113, 1114 (1973); Neal v. United States, C.D.Cal., 313 F. Supp. 393, 396–397 (1970). The intended applicability of Code sections governing other corporations is reflected in the frequent treatment of "shareholders", "earnings and profits", "dividends", and other terms appropriate to corporate structures.

Although the Commissioner may not make laws or broaden revenue statutes through administrative fiat, United States v. Merriam, 263 U.S. 179, 44 S.Ct. 69, 68 L.Ed. 240 (1923); General Electric Company v. Burton, 6th Cir., 372 F.2d 108 (1967), the regulatory power of the Commission is explicitly recognized in Section 1375(d), and will be sustained "unless unreasonable and plainly inconsistent with the revenue statutes . . . ." Commissioner v. South Texas Co., 333 U.S. 496, 501, 68 S.Ct. 695, 698, 92 L.Ed. 831 (1948); United States v. Correll, 389 U.S. 299, 306–307, 88 S.Ct. 445, 19 L.Ed.2d 537 (1967). Thus, Subchapter S regulations have been upheld in DeTreville v. United States, 4th Cir., 445 F.2d 1306 (1971), and applied without challenge in McKelvy v. United States, Ct.Cl., 478 F.2d 1217 (1973); Attebury v. United States, 5th Cir., 430 F.2d 1162 (1970); and Benderoff v. United States, S.D. Iowa, 270 F.Supp. 87 (1967), reversed on other grounds 8th Cir., 398 F.2d 132 (1968). The plaintiff does not challenge regulations under Section 312 precluding inclusion of percentage depletion in calculating earnings and profits for nonelecting corporations, Regs. § 1.312–6(c)(1), and this court is convinced that the defendant's application of those rules properly reflects the legislative intent underlying Subchapter S.

The second issue concerns the propriety of deducting previous corporate distributions in calculating the shareholder's pro rata share of undistributed earnings and profits. Although not addressed in the brief supporting summary judgment, the plaintiffs apparently maintain that the corporation's entire taxable income must be allocated pro rata. Such a view would result in the reduction of each shareholder's proportionate allocation of total taxable income by the amounts previously received by that individual. Whatever the equity

of such a practice, Section 1373 specifically dictates a calculation based upon the corporation's *undistributed* taxable income without regard to previously dispensed amounts. Regs. § 1.1373–1(b). The apportionment sponsored by the plaintiff would perhaps reflect the shareholder's actual ownership interest in the corporation; however, where the corporation distributes all its taxable income to one stockholder, the income allocation theory would require the other shareholders to report a portion of the distributed income notwithstanding the absence of any undistributed income and the receiving shareholder's tax liability for the full amount dispensed. Such a result is contrary to both the letter and spirit of Subchapter S.

An order will be entered sustaining the defendant's motion for summary judgment and according the parties an opportunity to submit a judgment in accordance with this Memorandum.