**UNITED STATES of America and Charles H. Moriyama, Special Agent of the Internal Revenue Service, Petitioners,**

v.

**Andrew KYRIACO, as Treasurer of Jordano's Inc. (formerly M. P. Ruggeiro, as Vice President Finance & Administration of Jordano's Inc.) and Jordano's Inc., Respondents.**

No. 69–42–R.

United States District Court,
C. D. California.

April 23, 1971.

---

Robert L. Meyer, U. S. Atty., Charles H. Magnuson, Asst. U. S. Atty., Chief, Tax Div., Los Angeles, Cal., for petitioners.

Baird, Holley, Galen & Willard, Thomas A. Baird, Los Angeles, Cal., for respondents.

## MEMORANDUM ORDER

REAL, District Judge.

This matter comes before the Court as the result of the following denial of a Writ of Certiorari by the Supreme Court of the United States:

" * * *, [I]t is ordered by this Court that the petition be, * * * denied, without prejudice, however, to the petitioners' making their respective applications, * * * to the District Court for such relief, if any, as may be appropriate in the light of developments occurring since the petition for a writ of certiorari was filed in this Court." Kyriaco v. United States, (1971), 401 U.S. 922, 91 S.Ct 863, 27 L.Ed.2d 826.

The developments occurring since the petition for writ of certiorari was filed are:

On September 3, 1970, respondents were advised that the case file for tax liabilities for the years ending June 30, 1964, through June 30, 1967, was forwarded to the Los Angeles Regional Counsel, Internal Revenue Service, with a recommendation that criminal proceedings be instituted.

On December 4, 1970, respondents were advised by the Regional Counsel that the matter had been forwarded to the Department of Justice, Washington, D. C.

On March 8, 1971, respondents were advised that the case "Re: John L. Jordano, Jr., Jordano's Inc. Santa Barbara, California" had been transmitted to the United States Attorney for the Central District of California. This notification was signed by Fred G. Folsom, Chief, Criminal Section, United States Department of Justice.

For the facts preceding denial of the writ, see United States v. Ruggeiro (C. D.Cal.1969) 300 F.Supp. 968, aff'd 425 F.2d 1069 (9th Cir. 1970).

The government now argues that matters occurring after the *issuance* of the summons are irrelevant, or insufficient to require a ruling different from that previously entered.

The government misreads the intent of the Court when it suggested, in denying the writ, that the matter be raised again here. To read the opinion of the Court as the government urges would attribute to that body an idleness of language which is neither appropriate nor realistic. The Court had before it all the matters presented to this Court in the original proceedings as well as the essence of the factual matters now being presented in support of defendant's motion for reconsideration.

The denial of the writ is based partly on the opinion of the Court in Donaldson v. United States, (1971) 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580. The Court there considered the propriety of the use of a summons issued pursuant to 26 U.S.C. § 7602, and concluded:

"We hold that under § 7602 an internal revenue summons may be issued in aid of an investigation if it is issued in good faith and prior to a recommendation for criminal prosecution."

It strains the meaning of the Court to conclude from this language that motive at the time of issuance is the ultimate fact, requiring enforcement irrespective of what subsequently occurs. Implicit in the validity of a summons is the use to which the information obtained is to be put. Issuance is only the prelude to enforcement. It is the use of the information sought that has concerned the

courts that have considered this question, and certainly the language of *Donaldson, supra,* can only be read in that context even though issuance was the factual situation in which the question was presented.

Reading the Supreme Court's suggestion in light of *Donaldson, supra,* this Court concludes that referral of the investigation of John L. Jordano, Jr. and Jordano's Inc. to the Justice Department is the "recommendation for prosecution" proscribed in *Donaldson, supra.*

It is ordered that further enforcement of the summons is stayed pending disposition of any criminal prosecution of respondents arising out of this matter, subject, of course, to further order of this Court.

Each party is charged with the continuing duty of advising this Court, at the earliest possible moment, of the disposition of the recommendation and any subsequent prosecution.