**UNITED STATES of America, and Edward F. Jennings, Special Agent, Internal Revenue Service, Appellees,**

v.

**Lillian V. COUCH, Appellant.**

**No. 14546.**

United States Court of Appeals, Fourth Circuit.

Oct. 12, 1971.

John G. Rocovich, Jr., Roanoke, Va. (Claude D. Carter and Martin, Hopkins, & Lemon, Roanoke, Va., on the brief), for appellant.

Joseph M. Howard, Atty., Department of Justice (Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson and John M.. Brant, Attys., Department of Justice, and Leigh B. Hanes, Jr., U. S. Atty., and James G. Welsh, Asst. U. S. Atty., on the brief), for appellees.

Before HAYNSWORTH, Chief Judge, and BRYAN and BUTZNER, Circuit Judges.

PER CURIAM:

From 1955 until the present controversy arose, the intervenor, Mrs. Couch, regularly delivered all of her financial books, records, and documents to her accountant, Mr. Shafer, so that he might compute and fill out her income tax returns. These records were thereafter stored by the accountant in his office. In 1969 an Internal Revenue agent investigating Mrs. Couch's returns for the years 1964 through 1968 requested, and was permitted to review those records. During that investigation the agent became suspicious of fraudulent activity so he sought the aid of a special agent. It was customary procedure to have a special agent associated to investigate a suspected crime. Upon arrival, the special agent, Mr. Jennings, gave Mrs. Couch the *Miranda* warnings. She thereafter instructed her accountant not to permit further examination of the records.

Pursuant to authority vested in him by 26 U.S.C.A. §§ 7402 and 7604, Special Agent Jennings subpoenaed the accountant to present the records in his possession and to testify about his connected activities. Instead of complying, the accountant delivered the records to Mrs. Couch's attorney as she instructed. Thereupon, Special Agent Jennings instituted this action to enforce compli-

ance with the subpoena. The lower court ordered the records produced, and appeal was taken from that order.

 The intervenor-appellant sets out two alleged infirmities in the decision, but we find them to be without merit. She first asserts that the statutory authorization for the subpoena is strictly limited to civil suits so that its use was improper in the present case which is potentially criminal. The subpoena power is not so narrowly restricted, however, for it is well-recognized that the subpoena is proper as long as the investigation retains a legitimate civil purpose. See Donaldson v. United States, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580; United States v. Giordano, 8 Cir., 419 F.2d 564; United States v. Ahmanson, 9 Cir., 415 F.2d 785; United States v. Hayes, 7 Cir., 408 F.2d 932. The District Court found after a hearing that there was "a continuing and joint investigation to ascertain the correctness of the income tax returns and the possibility of fraud \* \* \*."

The intervenor also attempted to encompass the records within her Fifth Amendment privilege against self-incrimination. The answer to this contention lies in the fact that the records were not in the intervenor's possession but were in the custody of her accountant. She had voluntarily relinquished her control of the records. They had passed from the sphere of privilege surrounding her, for there was no accountant-client privilege. The present situation is readily distinguished from the case upon which the intervenor relies, Stuart v. United States, 5 Cir., 416 F.2d 459. The testimony there disclosed that the suspect had delivered her records to the accountant for the sole purpose of providing a more convenient time and location for conducting the pending investigation.

Affirmed.