UNITED STATES of America, and John D. Heeney, Special Agent, Internal Revenue Service, Plaintiffs-Appellants,

v.

Lorene BILLINGSLEY, Defendant-Appellee.

No. 72–1070.

United States Court of Appeals, Tenth Circuit.

Dec. 8, 1972.

Carleton D. Powell, Atty., Dept. of Justice, Washington, D. C. (Scott P. Crampton, Asst. Atty. Gen.; Meyer Rothwacks, and Crombie J. D. Garrett, Attys., Dept. of Justice, Washington, D. C., and Nathan G. Graham, U. S. Atty., of counsel, with him on the brief), for plaintiffs-appellants.

G. Douglas Fox, Tulsa, Okl. (Richard D. Jones, of Gable, Gotwals, Hays, Rubin & Fox, Tulsa, Okl., and James O. Ellison, of Boone, Ellison & Smith, Tulsa, Okl., with him on the brief), for defendant-appellee.

Before LEWIS, Chief Judge, and SETH and McWILLIAMS, Circuit Judges.

LEWIS, Chief Judge.

Appellants seek judicial enforcement of summonses issued pursuant to section 7602 of the Internal Revenue Code by a special agent of the Internal Revenue Service to Mrs. Lorene C. Billingsley, the appellee.

In October 1968 Special Agent John D. Heeney was brought into an investigation being conducted by Joe A. Fink, an agent in the Audit Division of the Internal Revenue Service, concerning the tax liability of William L. Mills, Jr. In December 1969 Heeney recommended that Mills be criminally prosecuted for tax evasion and filing a false return. This recommendation was first reviewed and approved by Heeney's immediate supervisor. It was then approved by the Chief of the Intelligence Division in Oklahoma City. At this point Heeney's recommendation was forwarded to the Assistant Regional Commissioner (Intelligence) in Dallas for review. Upon request, Heeney submitted additional information to the Assistant Regional Commissioner. The office of the Assistant Regional Commissioner then requested further information regarding transactions involving the appellee, Mrs. Billingsley, and Mills in order to determine whether certain income was attributable to Mills. Summonses were thereafter issued by Heeney for the purpose of clarifying inconsistencies between statements made by Mrs. Billingsley at an interview and an affidavit furnished by her. In April 1971 appellants filed a petition in district court for judicial enforcement of the summonses. The district court refused to enforce the summonses and dismissed appellants' petition. The district court's opinion is reported at 331 F.Supp. 1091.

■ Section 7602 of the Internal Revenue Code does not expressly restrict the power to issue a summons thereunder as long as the purpose is to ascertain the correctness of any return and the material sought is relevant to such inquiry. In Reisman v. Caplin, 375 U.S. 440, 449, 84 S.Ct. 508, 11 L.Ed.2d 459, the Supreme Court suggested in dictum, however, that a summons could be challenged on the ground that its purpose is to obtain evidence for use in a criminal prosecution. In Donaldson v. United States, 400 U.S. 517, 91 S.Ct. 534, 27 L. Ed.2d 580, the Court delineated an objective standard for determining when an investigation is sufficiently criminal in nature to warrant adherence to the *Reisman* dictum. The Court stated:

We hold that under § 7602 an internal revenue summons may be issued in aid of an investigation if it is issued in good faith and prior to a *recommendation* for criminal prosecution. *Id.* at 536, 91 S.Ct. at 545 (emphasis added).

■ In construing this language, the district court in the instant case held that Heeney had made the recommendation referred to and concluded that the summonses should not have been issued. We hold, however, the the recommendation referred to in *Donaldson* occurs, at the earliest, when the Internal Revenue Service forwards a case to the Department of Justice for criminal prosecution. *Cf.* United States v. Kyriaco, C.D.Cal., 326 F.Supp. 1184, 1186. In placing no particular significance on the initial recommendation for criminal prosecution by a special agent in the Intelligence Division of the Internal Revenue Service, this holding would seem to conform to the rationale and analysis of *Donaldson*.

The Court in *Donaldson* recognized that the courts of appeals have uniformly approved "the use of a summons in an investigation that is likely to lead to civil liability as well as to criminal prosecution." Donaldson v. United States, *supra*, 400 U.S. at 532, 91 S.Ct. at 543. The Court then sanctioned the use of a section 7602 summons in an investigation with both civil and criminal aspects by stating that the *Reisman* dictum referred to the situation "where the sole object of the investigation is to gather data for criminal prosecution." Donaldson v. United States, *supra*, at 533, 91 S.Ct. at 543; *see* United States v. Couch, 4 Cir., 449 F.2d 141, 143, cert. granted, 405 U.S. 1038, 92 S.Ct. 1311, 31 L.Ed.2d 579.

In the instant case, as in all other tax fraud investigations, the potential for civil liability necessarily accompanied the potential for criminal prosecution. While a criminal investigation remains

solely within the Internal Revenue Service, the civil aspects are inextricably associated with the criminal. *See* Donaldson v. United States, *supra*, 400 U.S. at 534–35, 91 S.Ct. 534, 27 L.Ed.2d 580. It is not until the Service refers a case to the Department of Justice, however, that two distinct agencies are involved and the civil and criminal aspects at least begin to disentangle. The instant case is not unique and the evidence demonstrates that the Service's investigation of Mills was both civil and criminal in nature. Moreover, the civil aspects of the investigation closely paralleled the criminal aspects.[1] Heeney's recommendation to his superiors in the Service that Mills be criminally prosecuted did not reorient the investigation so that its *sole object* was criminal in nature. That Mills might be indicted and prosecuted remained a mere possibility.[2] Thus the investigation of Mills had not reached the point where its objective was solely criminal even though the special agent had made an initial recommendation for criminal prosecution. The facts in the instant case adequately demonstrate that the "recommendation" referred to in *Donaldson* occurs, at the earliest, when the Internal Revenue Service forwards a case to the Department of Justice for criminal prosecution. To attribute any other meaning to the word "recommendation" would be inconsistent with the Court's reasoning.

The appellee, Mrs. Billingsley, maintains that the *Donaldson* opinion utilized the word "recommendation" in the same sense that the Internal Revenue Service's Statement of Organization and Functions uses it, *i. e.*, in reference solely to the special agent's action. Statement of Organization and Functions § 1112 et seq., 1970–1 Cum.Bull. 442–502.

The appellee attributes significance to this because the special agent's recommendation is merely "reviewed," "approved," "disapproved," or "referred" as it ascends the Service's chain of command. Id. §§ 1114(10), 1114(10)1, 1116(3). Consequently, the appellee contends that the only "recommendation." under Internal Revenue Service procedures to which the *Donaldson* opinion could refer is that of the special agent. To accept this argument as determinative of the issue would be to glorify form and ignore substance. Whether the actions of a special agent's superiors are denominated as reviewing, approving, disapproving or referring is irrelevant. There is effectively a recommendation at each level upward in the Service's chain of command regardless of the labels attached. The ultimate recommendation by the Service is referral to the Department of Justice. Consequently, a special agent's recommendation cannot be placed in a vacuum, isolated from the Service's entire system of review and treated as the only recommendation for criminal prosecution.

The district court did not consider whether the summonses in the instant case were issued in good faith since its dismissal of appellants' petition rendered such consideration unnecessary. On remand the requirement of good faith must be considered. Moreover, the district court should also consider any new developments subsequent to appellants' notice of appeal such as the institution of a criminal prosecution of Mills or the referral of his case to the Department of Justice. *See* Kyriaco v. United States, 401 U.S. 922, 91 S.Ct. 863, 27 L. Ed.2d 826, denying cert. to 425 F.2d 1069; United States v. Kyriaco, C.D. Cal., 326 F.Supp. 1184. So, too, clarifi-

---

1. When Heeney first submitted the requested additional information to the Assistant Regional Commissioner (Intelligence), Revenue Agent Fink completely rewrote his report relating to civil tax liability. Additionally, the information sought by the issuance of the summonses would clarify whether certain income was attributable to Mills and was thus significant for both civil and criminal purposes.

2. The Court in *Donaldson* affirmed an order enforcing a summons and twice emphasized that the criminal prosecution of the taxpayer was a mere possibility. Donaldson v. United States, *supra*, at 534–535, 91 S.Ct. 534, 27 L.Ed.2d 580.

cation of judicial guidelines may emerge from the pending decision of the Supreme Court in United States v. Couch, 4 Cir., 449 F.2d 141, cert. granted, 405 U.S. 1038, 92 S.Ct. 1311, 31 L.Ed.2d 579.

Reversed and remanded.