UNITED STATES of America and Hugh
J. Williams, Revenue Agent, Internal
Revenue Service, Petitioners,

v.

Lester KAHN, Respondent.

No. 73 CV 41 W–4.

United States District Court,
W. D. Missouri, W. D.

July 5, 1973.

**146**

Mary A. Senner, Asst. U. S. Atty., for petitioners.

A. Glenn Sowders, Jr., Kansas City, Mo., for respondent.

## MEMORANDUM AND ORDER

ELMO B. HUNTER, District Judge.

On October 26, 1972 an Internal Revenue Service summons was issued by the petitioner, Hugh J. Williams, directing Kahn & Kaufman, a partnership in the business of preparing income tax returns for its customers and clients, to appear on November 13, 1972 to testify and produce for examination books, records, and other documents reflecting the names, addresses and social security numbers of the persons for whom the partnership prepared Federal Income Tax Returns during the period January 1, 1972 through September 30, 1972.

The file reflects that the summons was served on Lester Kahn, the respondent herein. Mr. Kahn appeared in response to the summons on November 13, 1972 but refused to comply with its directions. Thereafter, on January 26, 1973 a petition to enforce the Internal Revenue Service summons was filed by petitioner.

On February 16, 1973 the Court entered an order directing Mr. Kahn to appear before the Court on March 2, 1973 to show cause why he should not be compelled to testify and produce the above-noted records.

A full evidentiary hearing was held on the order to show cause on March 2, 1973. Respondent admitted the legitimacy of the instant investigation and the relevancy of the material sought by the Internal Revenue Service. Further, it was agreed that for the purpose of this proceeding, the applicable administrative procedures were followed, the summons was properly served and enforceable, if it was determined by the Court that respondent could not properly invoke the provisions of the Fifth Amendment to sustain his refusal to furnish the requested information or to testify in response to relevant inquiry.

Although it is only the self-incrimination issue which is necessary for determination in this action, a brief examination of the statutory procedures employed by the Internal Revenue Service tend to enlighten this claim.

Title 26, United States Code, Section 7402(b) gives jurisdiction to the district court, by appropriate process, to compel the attendance, testimony or production of documents of any person within the jurisdiction of the court summoned under the internal revenue laws.

Section 7602 of the same statutory provisions states:

For the purpose of ascertaining the correctness of any return . . . determining the liability of any person for any internal revenue tax

. . . the Secretary or his delegate is authorized—

(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary or his delegate may deem proper, to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony under oath, as may be relevant or material to such inquiry; and

(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

The enforcement of a summons issued pursuant to the above, where the person summoned neglects or refuses to obey such summons, is left to the federal court authority[1] in an adversary proceeding affording the opportunity for challenge. 26 U.S.C. § 7604(b); Donaldson v. United States, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971). The issuance of a show cause order directed to the person summoned is the appropriate procedural tool to ascertain whether a proper basis exists for resisting the summons. United States v. Newman, 441 F.2d 165 (5th Cir.1971).

A summons may be attacked on a variety of procedural and substantive grounds—that is, whether it was properly issued and served as required by law, whether the underlying investigation is for a proper purpose, or whether the resultant enforcement would infringe upon any of the individual's constitutional rights. If the purpose of the summons is to harass the taxpayer or solely to build a criminal case against him, the courts will not enforce the summons. United States v. Roundtree, 420 F.2d 845 (5th Cir.1969). However, enforcement is not improper in an investigation which is potentially criminal as long as it serves a legitimate civil purpose. United States v. Couch, 449 F.2d 141 (4th Cir.1971). In fact, a summons may be properly issued in aid of a criminal investigation if its issuance is in good faith and prior to any recommendation or commencement of a criminal prosecution. Donaldson v. United States, 400 U.S. 517, 532–535, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971).

The only question for determination in this proceeding is whether the respondent has a Fifth Amendment privilege from disclosing pursuant to an Internal Revenue Service summons, the names and social security numbers of Kahn & Kaufman's clients whose tax returns had been prepared by the partnership for the period under investigation.

Respondent initially maintains that he may properly invoke his Fifth Amendment privilege when questioned about partnership records which may tend to incriminate him because the documents are held in his personal capacity. Petitioner, on the other hand, appears to argue that the Fifth Amendment does not protect a partner from refusing to testify or produce records concerning the partnership.

First of all it is undisputed that a corporation does not have a Fifth Amendment privilege against self-incrimination. Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652 (1906); George Campbell Painting Corp. v. Reid, 392 U.S. 268, 88 S.Ct. 1978, 20 L.Ed.2d 1094 (1968); United States v. Kordel, 397 U.S. 1, 90 S.Ct. 763, 25 L.Ed.2d 1

---

[1]. Section 7604(b) states that the application for enforcement may be made to the judge of the district court or the United States Commissioner or Magistrate for the district.

(1970); United States v. White, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944). A president of a corporation cannot refuse to produce corporate records on the ground that they would incriminate him. Heligman v. United States, 407 F.2d 448 (8th Cir.1969). However, there are numerous features distinguishing a partnership from a corporation. A corporation or association can act only through their agents, and, therefore, the personal nature of the Fifth Amendment privilege is the proper basis for denying the privilege in those situations. J. Scurlock, Basic Principles of the Administration of Criminal Justice With Particular Reference to Missouri Law, 38 U.M.K.C. L. Rev. 167, 223 (1970). In view of the record which establishes that the documents sought under the summons may indeed involve the personal records of the respondent, he may claim the privilege against self-incrimination with respect to the partnership records it is determined that the information sought is within the ambit of the Fifth Amendment protection.

 The scope of the Fifth Amendment in an identical factual situation was recently decided by the Seventh Circuit in United States v. Turner, 480 F.2d 272 (1973). In that action the district court rejected Mr. Turner's assertion that the production of the names and social security numbers of the clients of his tax preparation business would violate his Fifth Amendment privilege because such a revelation would not be incriminating. In affirming the lower court's order granting enforcement of the summons, the Court of Appeals noted: (1) the disclosure of the names of persons whose tax returns one has prepared does not involve a substantial risk of self-incrimination and (2) the nature of the evidence sought did not indicate that Mr. Turner had an expectation of protected privacy or confidentiality which the Fifth Amendment would protect.

These same considerations exist in this case.[2] As posed in the plurality opinion of Chief Justice Burger in California v. Byers, 402 U.S. 424, 91 S.Ct. 1535, 29 L.Ed.2d 9 (1971): Does the compelled disclosure itself confront the claimant with "substantial hazards of self-incrimination"? A review of the Supreme Court cases in this area dictates a negative response. See, Hoffman v. United States, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951); Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968); Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968); Minor v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283 (1969).

The inquiry directed by the Internal Revenue Service is at an essentially non-criminal and regulatory area and not against a highly selective group inherently suspect of criminal activities. Albertson v. Subversive Activities Control Board, 382 U.S. 70, 86 S.Ct. 194, 15 L.Ed.2d 165 (1965). As stated in Heligman v. United States, 407 F.2d 448, 451–452 (8th Cir.1969):

It belabors the obvious to point out that the purpose of the tax laws is to raise public funds, that adequate operation of taxing procedures is vital to the well-being of this country, and that the basic purpose of the tax laws is not to punish extraneous crimes but to assess and collect revenue. . . . The public need for requiring voluntary disclosures of income transcends any personal right to thwart national objectives by allowing an undisclosed self-determination of possible incrimination, thus excusing compliance with the income tax laws.

The mere possibility of incrimination is insufficient to defeat the strong poli-

---

2. Although not reflected in the record, the law requires those persons engaged in the business of preparing tax returns for others to sign their name to the returns so pre-

pared. 26 C.F.R. § 1–6065–1(b). See, Couch v. United States, 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973).

cies in favor of the disclosure sought. California v. Byers, supra.

Accordingly, for the reasons enunciated above, the Court finds the provisions of the Fifth Amendment relating to the self-incrimination issue do not afford the respondent the privilege of resisting the disclosure sought by petitioner. Therefore, the respondent is hereby directed to comply with the summons served upon him on October 26, 1972, at a time and place mutually agreed upon by the parties, or, absent such agreement, at such time and place designated by the petitioner.

It is so ordered.