UNITED STATES of America and E. C. Talley, Special Agent, Internal Revenue Service, Petitioners-Appellants,

v.

Paul R. HODGSON, Respondent-Appellee.

No. 73–1525.

United States Court of Appeals, Tenth Circuit.

March 7, 1974.

---

Charles E. Brookhart, Atty., Tax Div., Dept. of Justice (Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks and John P. Burke, Attys., Tax Div., Dept. of Justice; Nathan G. Graham, U. S. Atty., and Robert P. Santee, Asst. U. S. Atty., of counsel, on the brief), for petitioners-appellants.

James R. Hays, Tulsa, Okl., for respondent-appellee.

Paul M. Vassar, Gen. Counsel, Chandler, Okl., Oklahoma Bar Ass'n, for amicus curiae.

Before BREITSTEIN, McWILLIAMS and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The district court denied judicial enforcement of an Internal Revenue Service summons issued pursuant to 26 U.S. C. § 7602. We reverse.

Talley, an IRS special agent in the Intelligence Division, was investigating the federal income tax liability of Leroy Dale Hines for the years 1967–1971. On October 16, 1972, he issued a summons to Paul Hodgson, a lawyer, requiring him to produce records of all charges to or in behalf of Hines during the years 1966–1971 for legal services and records of all moneys received from, or credited to, Hines for such services. The requested records included amounts, payment dates, names of those making payment or causing credit to be made, and the manner in which payments or credits were made. The wording of the summons was broad enough to cover services other than legal but it is agreed that the services which Hodgson performed for Hines were the result of an attorney-client relationship.

Hodgson responded to the summons, declined to produce the records or to testify, and asserted the attorney-client privilege. The United States and the special agent then petitioned for enforcement. See 26 U.S.C. §§ 7402(b) and 7604(a). Hodgson's answer, supported by his affidavit, admits possession of records reflecting receipts from Hines, and alleges that those records would disclose the general nature of the services rendered. The answer affirmatively says that the special agent was conducting a criminal investigation of Hines for the years in question and asserts the attorney-client privilege as a justification for refusal to respond. After two hearings at which the special agent was the only witness, the district court denied enforcement on the ground

that the records and information sought were protected by the claimed privilege.

 The question is whether the attorney-client privilege extends to the records and information sought from attorney Hodgson. In the area of federal income tax investigation the claim of privilege is controlled by federal law. United States v. Finley, 5 Cir., 434 F.2d 596, 597, and cases there cited. As said in Colton v. United States, 2 Cir., 306 F.2d 633, 637, cert. denied 371 U.S. 951, 83 S.Ct. 505, 9 L.Ed.2d 499 "the privilege extends essentially only to the substance of matters communicated to an attorney in professional confidence." Matters relating to receipt of fees from a client are not usually privileged, Ibid. at 638, and United States v. Ponder, 5 Cir., 475 F.2d 37, 39. The reason is that the payment of a fee is not normally a matter of confidence or a communication. Absent confidentiality, the privilege does not apply. Securities and Exchange Commission v. First Security Bank of Utah, 10 Cir., 447 F.2d 166, 167, cert. denied 404 U.S. 1038, 92 S.Ct. 710, 30 L.Ed.2d 729. The records sought are the property of, and in the possession of, the summoned lawyer. This is not a case like Tillotson v. Boughner, 7 Cir., 350 F.2d 663, 665–666, where response to the summons would have revealed the identity of an unknown client. Here the client is named in the summons.

 Attorney Hodgson made a blanket claim of the privilege. A general refusal to cooperate is not enough. He must normally raise the privilege as to each record sought and each question asked so that at the enforcement hearing the court can rule with specificity. United States v. Cromer, 9 Cir., 483 F. 2d 99, 102; United States v. Roundtree, 5 Cir., 420 F.2d 845, 852, n. 18; and Colton v. United States, supra, 306 F.2d at 639–640. The lawyer's duty to his client is satisfied when he calls the matter of privilege to the attention of the court and requests a ruling on it. See In re Wasserman, D.C.D.C., 198 F.Supp. 564, 566–567. In the circumstances of the case at bar the records and informa-

tion sought were not protected by the attorney-client privilege. The Fifth Amendment claim asserted by the attorney is not persuasive. Couch v. United States, 409 U.S. 322, 336, 93 S.Ct. 611, 34 L.Ed.2d 548.

 In Donaldson v. United States, 400 U.S. 517, 536, 91 S.Ct. 534, 27 L. Ed.2d 580, the Supreme Court said that an internal revenue summons may be issued under § 7602 "in aid of an investigation if it is issued in good faith and prior to a recommendation for criminal prosecution." In United States v. Billingsley, 10 Cir., 469 F.2d 1208, 1209, we said that "the recommendation referred to in *Donaldson* occurs, at the earliest, when the Internal Revenue Service forwards a case to the Department of Justice for criminal prosecution." The allegation in the response to the petition for enforcement that the summons was issued in connection with a criminal investigation is supported by a supplemental record containing a copy of a January 17, 1974, letter to the attorney from the Regional Counsel for the Southwest Region, IRS. The letter says that the office has under consideration a recommendation that criminal proceedings be instituted against the client, Hines, and others, for tax violations for the years 1964–1966. The validity of a § 7602 summons is tested as of the date of issuance. United States v. Cromer, 9 Cir., 483 F.2d 99, 101.

 Donaldson requires that a § 7602 summons be issued in good faith, 400 U.S. at 536, 91 S.Ct. 534. The response to the petition for enforcement presents the good faith question only to the extent that such issue may be inferred from the allegation that the summons was issued in aid of a criminal investigation. At the hearing the only evidence received was from the special agent. His uncontradicted testimony was that he was engaged in a joint investigation of both tax liability and criminal offenses. A dual purpose investigation does not invalidate the summons. Billingsley, supra, 469 F.2d at 1210, and United States v. Theodore, 4

Cir., 479 F.2d 749, 753–754. The trial court took judicial notice that the client Hines had been before the court on four charges of criminal offenses and had a default judgment against him for unpaid gambling taxes. In its conclusions of law, the trial court said that it is "aware of the apparent lack of good faith appearing from the conduct of Petitioners with regard to Hines," but that it was unnecessary to determine the question because the attorney-client privilege was dispositive.

 The respondent attorney argues that if we reverse on the attorney-client privilege, the case must be remanded for a determination of the good faith issue by the trial court. We are not so persuaded. At two hearings in the district court the parties were given full opportunity to present what they wished. The only basis which the record presents for a holding of bad faith is the number of cases which had been brought against the client Hines. The fact that the taxpayer-client had been subject to five previous lawsuits does not immunize him from the summons which is the product of the current investigation. This is not a case like Billingsley in which the trial court did not consider good faith. See 469 F. 2d at 1210. Here, the trial court considered the question but disposed of the case on a different ground. There is no intimation that any additional pertinent evidence can be produced at another hearing. A remand for further proceedings at the trial level would stultify the enforcement of the federal tax laws. Questions concerning an IRS summons should be promptly determined so that the summons, if valid, may be promptly enforced. United States v. Davey, 2 Cir., 426 F.2d 842, 845; see also Securities and Exchange Commission v. First Security Bank of Utah, 10 Cir., 447 F.2d 166, 168.

The judgment is reversed with directions to order enforcement of the summons. The mandate shall issue forthwith.