**UNITED STATES of America, and Roy A. Stewart, Special Agent of the Internal Revenue Service, Petitioners,**

v.

**N. C. SMITH, Respondent.**

**Civ. A. H74-1(R).**

United States District Court,
S. D. Mississippi,
Hattiesburg Division.
March 18, 1974.

2d 1005; Hawk Industries, Inc. v. Bausch & Lomb, Inc., 59 F.R.D. 619 (S.D.N.Y.1973).

L. A. Smith, III, Asst. U. S. Atty., Jackson, Miss., for plaintiffs.

James P. Knight, Jr., Jackson, Miss., for defendant.

## OPINION OF THE COURT

DAN M. RUSSELL, Jr., Chief Judge.

This is an action to enforce a judicial summons brought under Sections 7402(b) and 7604(a) of the Internal Revenue Code of 1954. Petitioners seek the aid of this Court to compel the respondent, N. C. Smith, to comply with an Internal Revenue summons served upon him on October 10, 1973 by Special Agent Roy A. Stewart. Stewart, a special agent of the intelligence division of IRS, now employed in the office of the District Director of Internal Revenue in Miami, Florida, was assigned to investigate the correctness of the income tax liabilities of S. T. Owens, Ellisville, Mississippi, for the years 1967 through 1971. At the time of his assignment, Stewart was a special agent assigned to the Gulfport, Mississippi, IRS office. On October 10, 1973, Stewart served an Internal Revenue summons upon N. C. Smith, an accountant of Laurel, Mississippi, to appear before Stewart at the Internal Revenue Office, Federal Building, Laurel, Mississippi, on October 23, 1973, to give testimony and to produce for examination all files, work papers and other records or documents in his custody pertaining to the auditing or preparation of tax returns for S. T. Owens and all records or documents in his custody which pertain or belong to S. T. Owens. In his petition to enforce, Stewart alleged that respondent, N. C. Smith appeared on October 23, 1973 but refused to comply with the summons by testifying or by producing the requested records and documents.

On January 7, 1974, this Court issued a show cause order requiring Smith to appear before this Court and show cause why he should not be compelled to testify and to produce the records specified in Special Agent Stewart's subpoena.

Smith responded to the show cause order in writing, admitting that he appeared before Stewart on October 23, 1973, and admitting that he refused to comply with the summons as directed. Smith conceded that he is a certified public accountant and was employed by S. T. Owens to review Owens' records and to prepare income tax returns for Owens for a period of several years including the years 1967 through 1971. In justifying his refusal to comply with the subpoena, Smith averred that subsequent to his employment by Owens, Special Agent Roy A. Stewart began a criminal investigation of Owens covering the same period of time with a view of having Owens indicted for violations of the Internal Revenue laws; that on December 29, 1972, Smith sold to Owens all of his files, work papers, and results of his accounting and auditing work by a bill of sale, a copy of same being attached to his response; that on the same date, Owens employed his present counsel, James P. Knight, Jr., to defend him against the pending criminal investigation by Special Agent Stewart; and that on the same date, Knight employed the respondent to perform certain accounting services in connection with ascertaining the correct income of S. T. Owens, said information to be used by Knight in defense of the criminal investigation of Owens. Smith averred that the records and information pertaining to his accounting work performed for Owens prior to December 29, 1972, which were sold to Owens, are now in his possession solely as the agent of Owens' attorney Knight, and the forced production of same would violate the constitutional rights of S. T. Owens against self-incrimination. Respondent further averred that any records and information pertaining to accounting work performed for Knight subsequent to December 29, 1972, and which are in respondent's possession solely as agent for Owens' attorney, Knight, cannot be compelled as they are the work product of Owens' attorney. Further, respondent averred that Special Agent Stewart knew that the demand of such records and information was in violation of Owens' constitutional rights as reflected by two letters, copies being attached to the response, from Knight to Stewart advising that such information would not be

made available to the Special Agent during the course of his criminal investigation of Owens.

Prior to a hearing on the enforcement petition, Knight, as attorney for the respondent, caused a subpoena to be issued to Glen D. Harrison, Chief of the Intelligence Division, IRS, Jackson, Mississippi, directing him to bring to the hearing "all files, reports, and documents which in any way pertain to investigation of any of the affairs of S. T. Owens, specifically including all time reports or other data with reference to expenditure of time of Special Agent Roy A. Stewart or other Special Agents who may have worked on the case of S. T. Owens of Ellisville, Mississippi." The government and Harrison moved to quash on the grounds that the subject matter of the subpoena is overly broad; the subpoena is burdensome and is for the purpose of harassment; it relates to matters which are immaterial and irrelevant to the enforcement proceeding; and the testimony sought through the subpoena is irrelevant and Glen Harrison has not been authorized to testify in this proceeding.

The enforcement action and Harrison's motion to quash were heard to the Court and petitioners and respondent have submitted briefs addressed to both actions.

Respondent Smith's chief defense to the enforcement action is that Stewart's subpoena was issued for the purpose of finding evidence for a criminal prosecution against Owens. On the assumption that such a determination had already been made by IRS, Smith contends that he cannot, as an employee and agent of Owens' attorney, relinquish possession of Owens' records compiled by Smith prior to December 29, 1972, as to which Owens has the right to interpose a plea of self-incrimination, and Smith cannot produce his own records, worksheets, etc., compiled since December 29, 1972, as they were compiled while he was and is an employee of Owens' attorney and, therefore, such records are subject to an attorney-client privilege and are the work products of the attorney.

It readily became apparent that the first issue to be resolved was whether Stewart's summons was indeed for the purpose of ascertaining the correctness of Owens' returns as provided by Section 7602 of Title 26, or whether at the time the subpoena was issued a determination had been made that the records sought were solely in aid of the government's prosecution of Owens on criminal grounds. In the event of the latter, the issuance of the subpoena would be improper. The government contended through Special Agent Roy A. Stewart that no determination has as yet been made by IRS to pursue criminal proceedings against Owens. The respondent contends that by virtue of a letter dated December 19, 1973 from Glen D. Harrison, Chief of the Intelligence Division, Jackson, Mississippi, to Owens, inviting Owens to a conference with Harrison, and the ensuing conference, attended by Owens and his attorney, it is obvious that a decision to proceed criminally against Owens had been made at the time Stewart issued his subpoena. As to Smith's subpoena served upon Harrison, the Court permitted a limited cross-examination of Harrison, as Stewart's superior, to give Owens' attorney the opportunity to explore the "improper motive" issue. The Court likewise agreed to an in camera inspection of Stewart's time sheets for the purpose of determining when Stewart completed his investigation. These time sheets, which show only the number of hours devoted by Stewart to various taxpayers' files, reflect that Stewart worked on Owens' file as follows:

December, 1972—51½ hours

January, 1973—57 hours

February, 1973—7 hours

March, 1973—7 hours

April, 1973—50 hours

May, 1973—66 hours

September, 1973—78 hours

Period ending October 13, 1973—53 hours

Period ending October 27, 1973—19 hours

Period ending November 11, 1973—47 hours

Period ending December 8, 1973—42 hours

In relation to the three to seven taxpayer files variously worked on during the dates shown above, a proportionately larger amount of time was spent on the Owens' file than on the others. However there is nothing conclusive about these time sheets to indicate that a recommendation to prosecute had been made before October 10, 1973, the date the summons was issued on Smith. As the government points out, it was held in Donaldson v. United States, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed. 2d 580 that an Internal Revenue summons under Section 7602 may be issued in aid of an investigation if it is issued in good faith and prior to the recommendation for criminal prosecution. In Couch v. United States, 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548, the Supreme Court reaffirmed Donaldson, saying "It is now undisputed that a special agent is authorized, pursuant to 26 U.S.C. § 7602, to issue an Internal Revenue summons in aid of a tax investigation with civil and possible criminal consequences." The Tenth Circuit Court of Appeals in United States v. Billingsley, 469 F.2d 1208, held that when a summons is issued in good faith prior to a recommendation for criminal prosecution, "recommendation" occurs, at the earliest, when IRS forwards the case to the Department of Justice for criminal prosecution.

Despite Smith's contentions that the summons was not issued in good faith nor prior to a recommendation for criminal prosecution, both Special Agent Stewart, and his superior, Glen D. Harrison, chief of the Jackson intelligence division, testified at the hearing that no recommendation for criminal prosecution has as yet been made. Stewart said that he found it necessary to issue the summons to Smith in order to determine the amount of tax owed by Owens and to determine responsibility for the preparation of the returns that have been submitted. He stated that it was within his authority as a special agent to recommend criminal prosecution, a civil assessment of fraud penalties, or no action whatever. In recommending criminal prosecution, the procedure is to recommend such action to his supervisor, who is the group manager, and, if he concurs, the recommendation goes to the regional IRS counsel, and from him to the Department of Justice. Prior to his transfer to Miami, Stewart said he had made a rough draft recommendation for criminal prosecution, but that he had not made a final determination pending an examination of what Smith furnished in response to the subpoena. Harrison, called by the respondent as an adverse witness, testified that he invited Smith to a conference by letter of December 19, 1973, that said conference was held on January 10, 1974, as scheduled; that he and Special Agent Baker sat in for Stewart, who by then had been transferred to Florida; and that he probably said at the conference that Owens' file most likely would be forwarded to the regional counsel for criminal prosecution. He also testified that Owens' file has not been transferred to Baker, but is awaiting Stewart's formal recommendation, and that Owens' file is still in Gulfport. He added that there are some additional things for Stewart to do, and that when all evidence is in, he will then consider whatever recommendation Stewart makes. It was his recollection that Stewart made his rough draft recommendation in late November or early December 1973, after the issuance of the subpoena, and not before.

■ On the basis of the evidence before it, the Court finds that Smith's subpoena directed to Harrison should be quashed. In United States v. Newman, 441 F.2d 165, the Fifth Circuit Court of Appeals made it clear that the broad discovery permitted by the Federal Rules of Civil Procedure in preparation for trials is not available in an investigatory procedure such as this.

■ The Court further finds that the subpoena issued by Special Agent Stew-

art was issued in good faith for the purposes authorized by Section 7602, 26 U. S.C., and before a recommendation for criminal prosecution has been made. It remains to be determined whether Owens' Fifth Amendment privilege against self-incrimination acts as a bar to the production of Smith's records which Owens has title to but which are in the actual possession of Smith, as an employee of Owens' counsel, and whether the forced production of documents and records prepared by Smith, after his employment by Owens' counsel, to-wit, December 29, 1972, are subject to the attorney-client privilege or can be successfully claimed as the work product of counsel.

In view of the Court's earlier holding that Stewart's subpoena was issued in good faith, the Court further finds that Section 7602, and cases cited thereunder, clearly hold that the subpoena may be directed to any person having possession of books of account, papers, records, or other data relating to the business of the person liable for the tax.

In Couch v. United States, supra, the U. S. Supreme Court emphasized that the Fifth Amendment privilege is a *personal* privilege; it adheres to the person. The test is not ownership but possession. Here, the records in issue are not in the possession of Owens, but are in the possession of the person to whom the summons was issued, Smith. In Couch, the Court further found that there is no accountant-client relationship recognized in federal law and therefore no resulting expectation of privacy. Here, Smith claims an attorney-client relationship by reason of his employment by taxpayer's counsel. The rationale of Couch of this issue is that the privilege cannot extend to the protection of a taxpayer's records conveyed to a retained accountant for use in the preparation of an income tax return, where the accountant is himself obligated to prepare a complete and lawful return. This Court finds that the rule applies as well to an attorney when the records in his possession, constructive or actual, are to be used in the preparation of tax returns. See United States v. White, 5 Cir., 477 F.2d 757. The Court is mindful of the strong dissent by Justice Douglas, and an equally strong dissent by Circuit Court Judge Ainsworth in United States v. White, supra, particularly in espousing the right of an attorney to invoke the privilege on account of his client, but the Court must bow to the majority decision in each case and order the enforcement of the subpoena.

The Court, however, does not find that Stewart's subpoena should reach any records in Smith's possession except those records or data actually used in preparation of Owens' tax returns, or to be used in any amended tax returns for the years 1967 through 1971. With this condition the Court finds that Stewart's petition for enforcement of the summons issued by him on October 10, 1973, should be sustained. The Court grants the petition to quash the subpoena issued to Harrison by the respondent, Smith, herein.

An appropriate order or orders may be submitted with court costs assessed to the respondent.