**UNITED STATES of America and Pattrick J. Schwietz, Revenue Agent of the Internal Revenue Service, Petitioner,**

v.

**Bruce HARTIGAN, Respondent.**

**No. 3–75–Civ–268.**

United States District Court,
D. Minnesota,
Third Division.

Nov. 11, 1975.

Robert G. Renner, U. S. Atty., and Francis X. Hermann, Asst. U. S. Atty., Minneapolis, Minn., for petitioner.

Jack S. Nordby and Douglas W. Thomson, St. Paul, Minn., for respondent.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

The primary issue raised in this proceeding to enforce an Internal Revenue summons issued pursuant to 26 U.S.C.A. § 7602 is whether a lawyer's fee ledger is privileged information. Because we hold it is not and because the summons was properly issued, the motions of Michael Causey and Bruce Hartigan are denied and Hartigan is directed to comply with the summons.

In April 1975, in aid of its investigation of the tax liability of Michael Causey, the IRS served his attorney Bruce Hartigan with a summons directing him to appear to give testimony relating to the tax liability of Causey and to produce for examination the "[c]lient fee ledger of Michael Causey showing your charges, fees, and expenses along with payments received for same." Hartigan appeared in response to the summons but refused to produce the fee ledger on the grounds that it was protected by the attorney-client privilege. Shortly thereafter, the IRS commenced this action to judicially enforce the summons. Causey has moved to intervene and Hartigan has moved to quash the summons, to have an evidentiary hearing and to compel the IRS to make certain information available.

The pending motions are based on the contentions that the summons is improperly issued because it is in aid of a criminal investigation and that the client fee ledger is protected by the attorney-client privilege.

■ There has been no showing that this investigation is for any purpose other than determining Causey's tax liability for 1973 and 1974. Although the government admits that a criminal prosecution might be recommended when the investigation is completed, the summons is nevertheless properly issued. The Supreme Court has stated that:

Congress clearly has authorized the use of the summons in investigating what may prove to be criminal conduct. *Donaldson v. United States*, 400 U.S. 517, 535, 91 S.Ct. 534, 544, 27 L. Ed.2d 580 (1971).

The Court went on to hold that:

under § 7602 an internal revenue summons may be issued in aid of an investigation if it is issued in good faith and prior to a recommendation for criminal prosecution. *Id.* at 536, 91 S.Ct. at 545.

On application of this test, it is clear that this summons is properly issued.

■ In addition, both Hartigan and Causey contend that the client fee ledger is protected by the attorney-client privilege. McCormick urges that this privilege should be confined to confidential communications of the client to his attorney for the purpose of obtaining professional advise and counsel. E. Cleary, *et al., McCormick's Handbook of the Law of Evidence* § 89 (2d ed. 1972). A lawyer's own record of fees collected from a particular known client does not fit within this definition. In *Colton v. United States*, 306 F.2d 633 (2d Cir. 1962), an appeal from an order denying a motion to quash a summons directed to the taxpayers' tax counsel, the court decided that the lawyers must answer questions concerning remuneration received from the taxpayers during the time period under investigation. The court stated that:

. . . We see no reason why an attorney should be any less subject to questioning about fees received from a taxpayer than should any other person who has dealt with the taxpayer. There is no further encroachment here upon any confidential relationship than there is in questioning about the existence or date of the relationship. [Citation omitted.] All these matters are quite separate and apart from the substance of anything that the client may have revealed to the attorney.

*Id.* at 638.

In accord is *United States v. Hodgson*, 492 F.2d 1175 (10th Cir. 1974) where

the court held that the attorney-client privilege does not prevent the IRS from requiring a lawyer to produce records of all charges and fees received from a client under investigation by the IRS. The court based its holding on the fact that the privilege only applies to matters "communicated to an attorney in professional confidence." *Id.* at 1177.

In conclusion, because this summons is in aid of an investigation of Causey's tax liability and because a client fee ledger is not protected by the attorney-client privilege, Causey has not demonstrated that intervention is appropriate and his motion is denied. For the same reasons, Hartigan's motions to quash the summons and for an evidentiary hearing are denied.

Hartigan also moves for an order compelling the IRS to make information available. Although this motion is not discussed in his brief, it is clear that it is premature. The information he seeks may be obtained through normal discovery methods while preparing for any trial which may result from this investigation.

Finally, in a supplementary response to this petition to enforce the IRS summons, Hartigan "asserts his privilege of silence under the Fifth Amendment of the United States Constitution, as to any matters alluded to by Government counsel in open court at the hearing on this matter on September 15, 1975." This issue was not raised when Hartigan appeared before the IRS agent pursuant to the summons nor was it discussed at oral argument or in Hartigan's post-hearing brief. In effect, he wants the court to rule that he has a valid fifth amendment claim before any questions are put to him. "Not until questions have been propounded and objections made can a claim of Fifth Amendment privilege be determined." *United States v. Held,* 435 F.2d 1361, 1366 (6th Cir. 1970) and cases cited.

We specifically make no finding as to whether or not Hartigan may rely on his privilege against self-incrimination.

Rather, we conclude that no violation of Fifth Amendment rights is established at the present stage of this proceeding.

It is ordered that Causey's motion to intervene and Hartigan's motions to quash the summons, to make agency information available and for an evidentiary hearing are denied and the Government's petition to enforce the summons is granted.