Eugene M. SZANCA and Linda Szanca, his wife, Plaintiffs,

v.

Mohamed A. UMER, Defendant.

Civ. A. No. 79–1614.

United States District Court, W. D. Pennsylvania.

Oct. 17, 1980.

Bernard S. Rubb, Rubb & McLean, Pittsburgh, Pa., for plaintiffs.

Frank M. Gianola, Pittsburgh, Pa., for defendant.

## MEMORANDUM

MARSH, District Judge.

On July 29, 1980, at a pretrial conference in the above-captioned case involving a motor vehicle accident, we stated on the record as follows: "... it is the ruling of the Court that no fault will not enter into this case." This ruling was made following an examination of Mr. Szanca, the plaintiff, under oath.[1]

We further ruled that the "[p]laintiff can introduce any evidence of his medical expenses as in any other common law of Pennsylvania trial. And he cannot only introduce evidence of his medical expenses, but his pain, suffering and inconvenience and his loss of earning power, loss of earning capacity, if he can prove it, and his wife can prove loss of consortium."[2]

Accordingly, the case went to trial with plaintiff being permitted to prove lost wages and medical expenses and a special verdict was submitted to the jury on the amount of medical expenses, lost wages, pain, suffering and inconvenience, loss of earning capacity without a present worth instruction pursuant to *Kaczkowski v. Bolubasz*, 421 A.2d 1027 (Pa.1980), and the plaintiff wife's loss of consortium.

We are now of the opinion that the special verdict rendered by the jury in this matter should be molded to conform with the provisions of the Pennsylvania No-Fault Motor Vehicle Insurance Act, 40 Pa.C.S.A. § 1009.101 et seq. and the Statute covering employees of the State Police Force at 53 P.S. § 637 et seq. Accordingly, an appropriate order has been entered in favor of Eugene Szanca in the sum of $10,000.00 and in favor of Linda Szanca in the sum of

$2,500.00. This amended judgment order does not include medical expenses in the sum of $1,746.25 and lost wages in the sum of $2,478.00 which were awarded to plaintiffs by answers one and two of the special verdict.

It is our present opinion that the No-Fault Act applies to an obligated government such as the Commonwealth of Pennsylvania. Section 104(a) of the Act[3] entitled "Required motor vehicle insurance" provides that the owner of a motor vehicle may provide security ... "as an obligated government." There is no question that pursuant to the definitions under Section 103 of the Act,[4] the government, i. e., the Commonwealth of Pennsylvania, is an obligated government. The Commonwealth also meets the requirement of being an "owner" under the Act.

Section 104(c)[5] states that "[a] government may provide security with respect to any motor vehicle owned or operated by it by lawfully obligating itself to pay basic restoration benefits in accordance with this act and such added restoration benefits as are specified in the undertaking."

It seems certain that the Commonwealth of Pennsylvania is an obligated government under the statute contained in 53 P.S. § 637 dealing with plaintiff husband's occupation as a state policeman.

Said statute, in pertinent part provides: "any member of the State Police Force ... who is injured in the performance of his duties ... and by reason thereof is temporarily incapacitated from performing his duties, shall be paid by the Commonwealth of Pennsylvania if a member of the State Police Force ... his full rate of salary ... until disability arising therefrom has ceased. All medical and hospital bills, incurred in connection with any injury, shall be paid by the Commonwealth of Pennsylvania .... During the

1. See transcript of proceedings of Pretrial held on July 29, 1980, pp. 2 and 3.

2. Supra, pp. 3 and 4.

3. 40 Pa.C.S.A. § 1009.104.

4. 40 Pa.C.S.A. § 1009.103.

5. 40 Pa.C.S.A. § 1009.104.

time salary for temporary incapacity shall be paid by the Commonwealth of Pennsylvania ... any workmen's compensation, received or collected by any such employee for such period, shall be turned over to the Commonwealth of Pennsylvania ... and if such payment shall not be so made by the employee the amount so due the Commonwealth of Pennsylvania ... shall be deducted from any salary then or thereafter becoming due and owing ...."

It is our conclusion that in light of the foregoing, the Commonwealth of Pennsylvania is an "obligated government" within the meaning of the Pennsylvania No-Fault Motor Vehicle Insurance Act. See: *Maxwell v. Allstate Insurance Co.*, 128 P.L.J. 11 (C.P. Court Allegheny County 1979).

As stated by Chief Judge Weber in *Phelps v. Red Star Express Lines*, 450 F.Supp. 158, 159 (W.D.Pa.1978):

"We are equally mindful, however, that the No-Fault Motor Vehicle Act strictly limits tort liability, to-wit:

'(a) Partial abolition.—Tort liability is abolished with respect to any injury that takes place in this State ..., except that:

\* \* \* \* \* \*

(4) A person remains liable for loss which is not compensated because of any limitation ... of this act....

(5) A person remains liable for damages for non-economic detriment ....'

40 Pa.Stat.Ann. § 1009.301."

We agree with the foregoing case that after careful review and a literal interpretation of the No-Fault Act, no exceptions are permissible.

It is our opinion, as it was the opinion in *Phelps, supra*, that it was the intention of the legislature in a motor vehicle accident to preclude plaintiffs from maintaining an action for the economic detriment sustained for lost wages and medical expenses under No-Fault except to the extent set forth in 40 Pa.C.S.A. § 1009.301(a)(4).

*A fortiori* any subrogation rights to the Commonwealth of Pennsylvania are also precluded. Cf. *Brunelli v. Farelly Brothers*, 402 A.2d 1058 (Pa.Super.1979), and *Phelps, supra*.

An appropriate judgment order has been entered molding the jury's special verdict in this action.